**EXHIBIT  1**

1  MICHAEL J. BAKER (No. 56492)
   Email: mbaker@howardrice.com
2  MATTHEW L. BELTRAMO (No. 184796)
   Email: mbeltramo@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
           FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4024
   Telephone:   415/434-1600
6  Facsimile:   415/217-5910

7  Attorneys for Plaintiffs
   ATR-KIM ENG FINANCIAL CORPORATION
8  and ATR-KIM ENG CAPITAL PARTNERS,
   INC.

9

**FILED**
SAN MATEO COUNTY

FEB 2 2007

Clerk of the Superior Court
By _____
        DEPUTY CLERK

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN MATEO

12                    UNLIMITED JURISDICTION

13

14

15  ATR-KIM ENG FINANCIAL
16  CORPORATION and ATR-KIM ENG
    CAPITAL PARTNERS, INC.,
17              Plaintiffs,

18        v.

19  HUGO BONILLA, MONICA ARANETA,
20  and DOES 1-25,

21              Defendants.

No.  CIV 460691

COMPLAINT TO SET ASIDE
FRAUDULENT TRANSFER, ANNUL
OBLIGATION AND FOR DAMAGES

22

23

24

25

26

27

28

Plaintiffs ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc. ("Plaintiffs") allege as follows:

## PARTIES

1.    Plaintiffs are corporations headquartered in the Philippines.

2.    Plaintiffs are informed and believe and thereon allege that Defendant Monica Araneta is an individual, residing principally in the Philippines with a residence in San Mateo County, California.  Her name appears as the recent transferee of a parcel of real property known as 1605 Wedgewood Drive, Hillsborough, California, discussed more fully below.

3.    Plaintiffs are informed and believe and thereon allege that Defendant Hugo Bonilla, is an individual residing in Alameda County, California.

4.    Plaintiffs are ignorant of the true names and capacities of defendants sued as Does 1 through 25, inclusive, and therefore sue those defendants by fictitious names. Plaintiffs will amend this Complaint to allege the Doe Defendants' true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is legally responsible in some manner for the actions herein alleged, that each was acting as agent of and in concert with the others, and that Plaintiffs' damages were proximately caused by their conduct.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in this Court pursuant to Code of Civil Procedure Sections 86 and 88 because the amount in controversy is in excess of this Court's jurisdictional minimum.

6.    Venue is proper in this Court pursuant to Code of Civil Procedure Section 392 because the real property that is the subject of this action is located in San Mateo County, California.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, ANNUL OBLIGATION & FOR DAMAGES

## FACTUAL BACKGROUND

**A.    The Delaware Judgment.**

7.    In or about June 2004, Plaintiffs commenced litigation in the Delaware Court of Chancery against Carlos Araneta, Defendant Hugo Bonilla and others, alleging breach of fiduciary duties and other causes of action.  The lawsuit related to a Delaware holdings company controlled by Carlos Araneta in which Plaintiffs were minority shareholders and of which Defendant Hugo Bonilla was one of the directors.

8.    The case went to trial in August 2006.  On or about December 21, 2006, the Delaware trial court issued a lengthy memorandum opinion, finding that Defendant Hugo Bonilla, Carlos Araneta and a third individual had breached their respective fiduciary duties to Plaintiffs and indicating that it would award Plaintiffs millions of dollars in damages.

9.    On or about January 11, 2007, a final judgment was recorded against Defendant Hugo Bonilla, Carlos Araneta and the third individual in the amount of $24,490,422.50, plus post-judgment interest. (The award included an additional amount for attorneys' fees and costs against Carlos Araneta individually.)  A certified copy of that final judgment (the "Delaware Judgment") is attached hereto as Exhibit A.

10.    As a result of the Delaware Judgment, Plaintiffs have a right to payment from Defendant Hugo Bonilla in the amount of the Judgment set forth above, plus post-judgment interest and costs.

11.    To date, neither the whole nor any part of the Delaware Judgment has been paid to Plaintiffs, either by Defendant Hugo Bonilla or by any of his co-debtors.

**B.    The Hillsborough Property.**

12.    On or about January 27, 2003, Defendant Hugo Bonilla became record owner of a one-third interest in a parcel of real property located in San Mateo County, State of California, known as 1605 Wedgewood Drive, Hillsborough, California, (hereinafter the "Wedgewood Drive Property") and more particularly described as follows:

- San Mateo County Assessor's Parcel Number 038-074-010; and

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-2-

1    • "Lot 9, AS SHOWN ON THAT CERTAIN MAP ENTITLED, 'CRYSTAL

2    SPRINGS MAP NO. 1-A, HILLSBOROUGH, SAN MATEO COUNTY,

3    CALIFORNIA', FILED IN THE OFFICE OF THE RECORDER OF THE

4    COUNTY OF SAN MATEO, STATE OF CALIFORNIA, ON AUGUST 15, 1947,

5    IN BOOK 27 OF MAPS AT PAGE(S) 45, 46, 47 AND 48."

6    13.    At the same time, two other individuals—Maritza Aberouette and Conseulo

7    Araneta—also acquired record ownership of one-third interests in the Wedgewood Drive

8    Property as tenants-in-common with Defendant Hugo Bonilla. Plaintiffs are informed and

9    believe and thereon allege that Conseulo Araneta is Carlos Araneta's wife.

10    14.    Documents recorded in the San Mateo County Recorder's Office show that, by

11    means of an Individual Grant Deed recorded on or about May 13, 2005, Maritza Aberouette

12    and Consuelo Araneta transferred full ownership of the Wedgewood Drive property to

13    Defendant Hugo Bonilla.

14    15.    Documents recorded in the San Mateo County Recorder's Office also reveal that,

15    by virtue of an Interspousal Transfer Grant Deed recorded on May 13, 2005, Defendant

16    Hugo Bonilla's wife, Michelle Bonilla, conveyed all rights, title and interests in the property

17    to Defendant Hugo Bonilla, as his sole and separate property.

18    16.    On or about January 8, 2007, *less than three weeks* after the Delaware trial court

19    issued its Memorandum Opinion and just days before that opinion was reduced to a final

20    judgment, Defendant Hugo Bonilla signed a "Grant Deed" transferring the Wedgewood

21    Drive Property to Defendant Monica Araneta. The transaction was recorded with the

22    Recorder's Office of the County of San Mateo on or about January 9, 2007, in Instrument

23    Number 2007-003707, attached hereto as Exhibit B and incorporated by reference herein.

24    As noted in the Grant Deed, the transfer was for consideration of "*less than $100*" (emphasis

25    added).

26    17.    According to public records maintained by the Tax Collector of San Mateo

27    County, the Wedgewood Drive Property has a net value of over $3.6 million.

28    18.    Plaintiffs are informed and believe and thereupon allege that Defendant Monica

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-3-

1   Araneta is the daughter of Carlos Araneta and that therefore she is effectively an "insider."

2   19.   The transfer of the Wedgewood Drive Property from Defendant Hugo Bonilla to

3   Defendant Monica Araneta was not disclosed to Plaintiffs.

4   20.   The transfer of the Wedgewood Drive Property from Defendant Hugo Bonilla to

5   Defendant Monica Araneta occurred after Defendant Bonilla had been sued in Delaware

6   state court and while the parties were awaiting final judgment on that action.

7   21.   Plaintiffs are informed and believe and thereon allege that at the time of or

8   shortly after the transfer of the Wedgewood Drive Property, Defendant Hugo Bonilla was

9   insolvent in that, at fair valuations, the sum of his debts was greater than his assets.

10   22.   The transfer of the Wedgewood Drive Property from Defendant Hugo Bonilla to

11   Defendant Monica Araneta occurred shortly after Defendant Bonilla was given notice that he

12   owed Plaintiffs million of dollars and that final judgment was about to be entered against

13   him in an amount exceeding $24 million.

14   23.   As a result of the Wedgewood Drive Property from Defendant Hugo Bonilla to

15   Defendant Monica Araneta, Plaintiffs have been harmed in an amount to be determined at

16   trial.

17

### FIRST CAUSE OF ACTION
**(To Set Aside Fraudulent Conveyance And For Damages Against
All Defendants; For Punitive Damages Against Defendant Bonilla
And Does 1-25)**

24.   Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1

through 23, herein.

25.   Plaintiffs are informed and believe and thereon allege that in transferring in the

Wedgewood Drive Property to Defendant Monica Araneta, Defendant Hugo Bonilla

intended to hinder, delay or defraud Plaintiffs—the creditors—in their efforts to collect on

the Delaware Judgment.

26.   Plaintiffs are informed and believe and thereon allege that Does 1-25 assisted

Defendant Hugo Bonilla in his efforts to hinder, delay or defraud Plaintiffs in their efforts to

-4-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

1   collect on the Delaware Judgment.

2       27.  As a proximate result of the wrongful acts of the Defendants, Plaintiffs have been

3   damaged in an amount subject to proof at trial.

4       28.  At all times relevant herein, Defendants Hugo Bonilla and Does 1-25 knew of

5   Plaintiffs' claim against Defendant Hugo Bonilla and knew that claim could be satisfied, at

6   least in part, out of the sale of the Wedgewood Drive Property.   Notwithstanding this

7   knowledge, these Defendants have acted in bad faith, and with an oppressive, fraudulent

8   and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of punitive

9   damages.

10

11

### SECOND CAUSE OF ACTION
**(To Set Aside Fraudulent Conveyance And For Damages Against
All Defendants; For Punitive Damages Against Defendant Bonilla
And Does 1-25)**

14       29.  Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1

15   through 23, herein.

16       30.  Plaintiffs are informed and believe and thereon allege that Defendant Hugo

17   Bonilla did not receive, and that Defendant Monica Araneta did not pay, reasonably

18   equivalent value for the transfer of the Wedgewood Drive Property, and that the transfer

19   served no legitimate business purpose.   Plaintiffs are further informed and believe and

20   thereon allege that the consideration reflected on the Grant Deed—"less than $100"-—is far

21   below the real worth of the property.

22       31.  Plaintiffs are informed and believe and thereon allege that if Defendant Monica

23   Araneta was aware that Wedgewood Drive Property had been transferred to her, she knew or

24   reasonably should have known that the transfer was not for reasonably equivalent value and

25   served no legitimate business purpose.

26       32.  Plaintiffs are informed and believe and thereon allege that, at the time of the

27   transfer of the Wedgewood Drive Property from Defendant Hugo Bonilla to Defendant

28   Monica Araneta, Defendant Bonilla believed or reasonably should have believed that he had

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, ANNUL OBLIGATION & FOR DAMAGES

1  incurred or would incur debts to Plaintiffs beyond his ability to pay (i.e., the Delaware

2  Judgment).

3      33.   Plaintiffs are informed and believe and thereon allege that Does 1-25 assisted

4  Defendant Hugo Bonilla in his efforts to transfer the Wedgewood Drive Property to

5  Defendant Monica Araneta for an unreasonable amount of consideration and, in so doing,

6  knew that Defendant Bonilla had incurred or would incur debts to Plaintiffs beyond his

7  ability to pay (i.e., the Delaware Judgment).

8      34.   As a proximate cause of the wrongful acts of the Defendants, Plaintiffs have been

9  damaged in an amount subject to proof at trial.

10     35.   At all times relevant herein, Defendants Hugo Bonilla and Does 1-25 knew of

11 Plaintiffs' claim against Defendant Hugo Bonilla and knew that claim could be satisfied, at

12 least in part, out of the sale of the Wedgewood Drive Property.   Notwithstanding this

13 knowledge, these Defendants have acted in bad faith, and with an oppressive, fraudulent

14 and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of punitive

15 damages.

16

17                     **THIRD CAUSE OF ACTION**
                 **(To Set Aside Fraudulent Conveyance And For Damages Against**
18             **All Defendants; For Punitive Damages Against Defendant Bonilla**
                             **And Does 1-25)**
19

20     36.   Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1

   through 23, herein.
21

22     37.   Plaintiffs' right to payment against Defendant Hugo Bonilla, whether or not

23 reduced to a final judgment, arose before Defendant Bonilla transferred the Wedgewood

   Drive Property to Defendant Monica Araneta.
24

25     38.   Plaintiffs are informed and believe and thereon allege that Defendant Hugo

26 Bonilla did not receive reasonably equivalent value in exchange for the transfer of the

   Wedgewood Drive Property to Defendant Monica Araneta, and that the transfer served no
27

28 legitimate business purpose.  Plaintiffs are informed and believe and thereon allege that the

-6-

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, ANNUL OBLIGATION & FOR DAMAGES

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

1    consideration reflected on the Grant Deed—"less than $100"—is far below the real worth of

2    the property.

3        39.    At the time of or as a result of the transfer of the Wedgewood Drive Property,

4    Defendant Hugo Bonilla was insolvent, in that the sum of his debts, at fair valuations,

5    exceeded the sum of his assets.

6        40.    Plaintiffs are informed and believe and thereon allege that Does 1-25 assisted

7    Defendant Hugo Bonilla in his efforts to transfer the Wedgewood Drive Property to

8    Defendant Monica Araneta at a time when he was or was about to become insolvent.

9        41.    As a proximate cause of the wrongful acts of all Defendants, Plaintiffs have been

10   damaged in an amount subject to proof at trial.

11       42.    At all times relevant herein, Defendants Hugo Bonilla and Does 1-25 knew of

12   Plaintiffs' claim against Defendant Hugo Bonilla and knew that claim could be satisfied, at

13   least in part, out of the sale of the Wedgewood Drive Property.   Notwithstanding this

14   knowledge, the Defendants have acted in bad faith, and with an oppressive, fraudulent

15   and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of punitive

16   damages.

17

18                              **FOURTH CAUSE OF ACTION**

19              **(Conspiracy Against Defendant Hugo Bonilla and Does 1-25)**

20       43.    Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1

21   through 23, herein.

22       44.    Does 1-25 were aware that Defendant Hugo Bonilla planned to hinder, delay and

23   defraud Plaintiffs by transferring the Wedgewood Drive Property to Defendant Monica

24   Araneta under the circumstances set forth above.   Does 1-25 agreed with Defendant Hugo

25   Bonilla and intended that the transfer be committed.

26       45.    Defendants Hugo Bonilla and Does 1-25 did the acts and things alleged herein

27   pursuant to, and in furtherance of, the conspiracy and agreement above.

28       46.    As a proximate result of the wrongful acts herein alleged Plaintiffs have been

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-7-

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, ANNUL OBLIGATION & FOR DAMAGES

1    damaged in an amount subject to proof at trial.

2         47.   At all times mentioned herein, Defendants Hugo Bonilla and Does 1-25 knew of

3    Plaintiffs' claim against Defendant Hugo Bonilla and knew that Plaintiffs' claim could be

4    satisfied out of the proceeds of sale of Wedgewood Drive Property.  Notwithstanding this

5    knowledge, these Defendants have acted in bad faith, and with an oppressive, fraudulent

6    and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of punitive

7    damages.

8

9                              **FIFTH CAUSE OF ACTION**
                     **(Injunctive Relief Under Code of Civil Procedure §§526-527**
10                                  **Against All Defendants)**

11        48.   Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1

12   through 23, herein.

13        49.   Plaintiffs are informed and believe and thereon allege that a primary source for

14   satisfaction of the Delaware Judgment against Defendant Hugo Bonilla lies in the proceeds

15   of sale of the Wedgewood Drive Property.  That property has been fraudulently transferred

16   to Defendant Monica Araneta.  At present there is nothing to prevent Defendant Monica

17   Araneta, Defendant Hugo Bonilla or Does 1-25 from secreting or dissipating any proceeds

18   from a sale or other disposition of the Property.

19        50.   Such acts, unless enjoined, will cause Plaintiffs great or irreparable injury for

20   which they have no adequate remedy at law.

21

22                                    **PRAYER**

23        WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

24        1.   That the transfer of the real property known as 1605 Wedgewood Drive,

25   Hillsborough, California from Defendant Hugo Bonilla to Defendant Monica Araneta, be set

26   aside and declared void as to the Plaintiffs herein to the extent necessary to satisfy Plaintiffs'

27   claim in the sum of $24,490,422.50, plus post-judgment interest at the legal rate since entry

28   of the Delaware Judgment and other recoverable costs of enforcement;

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, ANNUL OBLIGATION & FOR DAMAGES

2.    That the property known as 1605 Wedgewood Drive, Hillsborough, California in the hands of Defendant Monica Araneta be attached in accordance with the provisions of Section 481.010 through 493.060 of the Code of Civil Procedure.

3.    That Defendant Monica Araneta be restrained from disposing of the property known as 1605 Wedgewood Drive, Hillsborough, California unless and until the sum of $24,490,422.50, plus post-judgment interest and other recoverable costs has been paid to Plaintiffs, or Plaintiffs' rights to the property or proceeds thereof have been fully adjudicated;

4.    That a preliminary injunction be granted enjoining and restraining all Defendants and their representatives, attorneys, and agents from selling, transferring, conveying, or otherwise disposing of the property known as 1605 Wedgewood Drive, Hillsborough, California, and proceeds thereof;

5.    That an order pendente lite be granted enjoining and restraining all Defendants and their representatives, attorneys, servants, and agents from selling, transferring, conveying, assigning, or otherwise disposing of any of the property known as 1605 Wedgewood Drive, Hillsborough, California;

6.    That the judgment herein be declared a lien on the property transferred;

7.    That an order be made declaring that Defendants hold the property known as 1605 Wedgewood Drive, Hillsborough, California, in trust for Plaintiffs;

8.    That all Defendants be required to account to Plaintiffs for all profits and proceeds earned from or taken in exchange for the property known as 1605 Wedgewood Drive, Hillsborough, California;

9.    For compensatory damages in a sum to be proved at trial;

10.    For exemplary or punitive damages;

11.    For costs of suit;

12.    For attorneys' fees as allowed by law and equity; and

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, ANNUL OBLIGATION & FOR DAMAGES

13.   For such other and further relief as the Court deems just and proper.

February 2, 2007.

Respectfully,

MICHAEL J. BAKER
MATTHEW L. BELTRAMO
HOWARD RICE NEMEROVSKI CANADY
     FALK & RABKIN
A Professional Corporation

By: _____
              MATTHEW L. BELTRAMO

Attorneys for Plaintiffs ATR-KIM ENG
FINANCIAL CORPORATION and ATR-KIM
ENG CAPITAL PARTNERS, INC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-10-

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, ANNUL OBLIGATION & FOR DAMAGES

Case # _07J-01-184   M-23-381_____

ATR-KIM ENG FINANCIAL CORPORATION
AND ATR-KIM ENG CAPITAL PARTNERS, INC.

vs

CARLOS R. ARANETA, HUGO BONILLA, LIZA BERENGUER

STATE OF DELAWARE    )
                     )SS.
NEW CASTLE COUNTY    )

I, Sharon Agnew, Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County, do hereby certify that the foregoing contains a true copy of:

   07J-01-184   M-23-381   *AND THE UNDERLYING
   DOCKET ENTRIES AS RECORDED ON 01/11/2007.

in the case there stated as the same now remains of record in the Superior Court of the State, at Wilmington.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said Court this
_25TH_ day of _JANUARY_____ A.D. 2007.

*Sharon Agnew*
Prothonotary

STATE OF DELAWARE    )
                     )SS.
NEW CASTLE COUNTY    )

I, Richard R Cooch, Resident Judge of the Superior Court in and for New Castle County of the said State, do hereby certify that the foregoing record and attestation made by Sharon Agnew, Prothonotary of the said Court, whose name is hereto subscribed, and to which the seal of said Court is affixed, are in due form and made by the proper officer.

IN TESTIMONY WHEREOF, I hereunto set my hand this _25TH__ day of _JANUARY_____ A.D. 2007.

*Richard R Cooch*
Resident Judge

STATE OF DELAWARE    )
                     )SS.
NEW CASTLE COUNTY    )

I, Sharon Agnew, Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County, do certify that the Honorable Richard R. Cooch, by whom the foregoing attestation was made, and whose name is hereto subscribed, was at the time of making thereof and still is Resident Judge of Superior Court of New Castle County of the said State, duly commissioned and sworn, to all whose acts as such, full faith and credit are, and ought to be, given, as well in Courts of Justice as elsewhere.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said Court this
_25TH___ day of _JANUARY_____ A.D. 2007.



Prothonotary



COPY



> **GRANTED**

### IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

ATR-KIM ENG FINANCIAL CORPORATION,          )
and ATR-KIM ENG CAPITAL PARTNERS, INC.,      )
                                             )
      Plaintiffs,                                )
                                             )    Civil Action No. 489-N
    v.                                       )
                                             )
CARLOS R. ARANETA, HUGO BONILLA,            )
LIZA BERENGUER AND MARITES VICENTE,          )
                                             )
      Defendants,                                )
                                             )
    and                                      )
                                             )
PMHI HOLDINGS CORPORATION,                   )
(f/k/a LBC GLOBAL CORPORATION),              )
a Delaware corporation,                      )
                                             )
      Nominal Defendant.                         )

FILED
PROTHONOTARY
2007 JAN 11  AM 10: 55

### FINAL ORDER OF JUDGMENT

    For the reasons set forth in the December 21, 2006 post-trial Memorandum Opinion in the captioned matter, which found in favor of plaintiffs (collectively "ATR") on each fiduciary claim asserted, IT IS HEREBY ORDERED as follows:

    1.    Having been found jointly and severally liable for their breaches of fiduciary duty, judgment is entered against defendants Carlos R. Araneta, Hugo Bonilla and Liza Berenguer in the amount of **$24,490,422.50** (representing a damages award of $3.922 million plus pre-judgment interest from August 17, 1999 through January 10, 2007 at an annual rate of 25% compounded monthly).

CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY

2.      In light of his egregious misconduct both before and during the litigation of this matter, judgment is also entered against defendant Carlos R. Araneta in the additional amount of **$863,059.89** (representing an award of the attorneys' fees, costs and expenses ATR incurred in prosecuting this action).

3.      Post-judgment interest on these awards shall accrue at an annual rate of **11.25%**, and judgment is entered against the defendants for all such interest that accrues between the date of this Order and the date on which they make full payment of the amounts due hereunder.  Carlos R. Araneta is also ordered to pay all future fees, costs and expenses incurred by ATR in enforcing this Order.

/s/ Leo E. Strine Jr.
Leo E. Strine, Jr.,
Vice Chancellor

Dated:  January 10, 2007

CERTIFIED
AS A TRUE COPY:
ATTEST:

REGISTER IN CHANCERY

By

2007 JAN 11 AM 10:59
FILED
PROTHONOTARY

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 01/25/2007                                    PAGE      1

```
07J-01-184
FILED   January 11,2007              JUDGMENTS - CHANCERY COURT
JUDGE:                               NON ARBITRATION
STATUS:   NEW    E-FILED:            NON-JURY TRIAL
```

MARGOLIN STEVEN T.          ATR-KIM ENG FINANCIAL CORPORATION
                            AND ATR-KIM ENG CAPITAL PARTNERS, INC
                                    -- VS --
                            CARLOS R. ARANETA
                            HUGO BONILLA
                            LIZA BERENGUER


```
01/11/2007      1  JUDGMENT FILED 01/11/07.   M-23-381   CHANCERY
                   FILED BY STEVEN T MARGOLIN, ESQ.
```

CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

MONICA ARANETA
1605 WEDGEWOOD DRIVE
HILLSBOROUGH, CA 94010

MAIL TAX STATEMENTS TO:

MONICA ARANETA
1605 WEDGEWOOD DRIVE
HILLSBOROUGH, CA 94010

APN: 038-074-010

**2007-003707**
02:14pm 01/09/07 DE  Fee: 30.00
Count of pages 2
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder



* 2 0 0 7 0 0 0 3 7 0 7 A R *

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)          Consideration less than $100
DOCUMENTARY TRANSFER TAX IS $ _____-0-_____

   FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby
acknowledged, HUGO BONILLA, a married man, as his sole and separate property, hereby
GRANT(S) to MONICA ARANETA, the real property commonly known as 1605 Wedgewood
Drive, Hillsborough, County of San Mateo, State of California, and more particularly described
as follows:

   See Exhibit "A" attached hereto and incorporated herein by this reference.

Dated: 1-8-2007

_____
Hugo Bonilla

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF SAN MATEO          )

On this 8 day of January in the year 2007, before me, Victoria Rodrigues , a Notary Public in and
for said State, personally appeared Hugo Bonilla, personally known to me (or proved on the basis of satisfactory evidence)
to be the person(s) whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the
person(s), or the entity(ies) upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

VICTORIA RODRIGUES
Commission # 1417957
Notary Public - California
San Mateo County
My Comm. Expires Jun 12, 2007

_____
NOTARY PUBLIC IN AND FOR SAID STATE                    FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS AS DIRECTED ABOVE

# EXHIBIT "A"

**Description:**

**The land referred to herein is situated in the State of California, County of San Mateo, Town of Hillsborough, and is described as follows:**

LOT 9, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "CRYSTAL SPRINGS MAP NO. 1-A, HILLSBOROUGH, SAN MATEO COUNTY, CALIFORNIA", FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA, ON AUGUST 15, 1947, IN BOOK 27 OF MAPS AT PAGE(S) 45, 46, 47 AND 48.

AP No.:        038-074-010  JPN: 038-007-074-01

**EXHIBIT 2**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael J. Baker (56492)
Matthew L. Beltramo (184796)
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
TELEPHONE NO.: (415) 434-1600   FAX NO.: (415) 217-5910
ATTORNEY FOR (Name): ATR-Kim Eng Financial Corp. & ATR-Kim

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo (Southern Branch)
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

**FOR COURT USE ONLY**

**RECEIVED**

FEB - 2 2007

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CASE NAME: ATR-Kim Eng Financial Corp. & ATR-Kim Eng Capital
Partners, Inc. v. Hugo Bonilla, Monica Araneta and Does 1-25

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CIV 460691 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): Five (5)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 2, 2007

Matthew L. Beltramo (No. 184796)
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2007]        **CIVIL CASE COVER SHEET**        Page 2 of 2

**EXHIBIT 3**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* ARANETA
Hugo Bonilla, Monica ~~Bonilla~~, and Does 1-25

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



FILED
SAN MATEO COUNTY

FEB 2 2007

Clerk of the Superior Court
By
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ATR-Kim Eng Financial Corporation and ATR-Kim Eng
Capital Partners, Inc.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo County Superior Court
400 County Center

Redwood City, CA 94063
Southern Branch

CASE NUMBER:
*(Número del Caso):* CIV 460691

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Baker (56492) Matthew L. Beltramo (184796)   (415) 434-1600
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

DATE: FEB 2 2007   JOHN C. FITTON   Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT 4**

# AFFIDAVIT OF PERSONAL DELIVERY

_ATR - Kim Eng etc_

VS

_Hugo Bonilla, et al_

**FILED**
SAN MATEO COUNTY
FEB 8 2007
Clerk of the Superior Court
By _____ DEPUTY CLERK

CASE # _____ 460691

**DOCUMENTS:**

ENDORSED FILED COPIES OF COMPLAINT, SUMMONS, NOTICE OF CASE MANAGEMENT CONFERENCE AND ADR PACKET INFORMATION.

I declare under penalty of perjury that I delivered back to the customer; a true copy of the foregoing documents. Executed on the above file date at the Hall of Justice and Records in Redwood City, CA 94063.

BY: **M. JAVILLONAR**
Deputy Court Clerk

**EXHIBIT  5**

1   MICHAEL J. BAKER (No. 56492)
    Email: mbaker@howardrice.com
2   MATTHEW L. BELTRAMO (No. 184796)
    Email: mbeltramo@howardrice.com
3   HOWARD RICE NEMEROVSKI CANADY
          FALK & RABKIN
4   A Professional Corporation
    Three Embarcadero Center, 7th Floor
5   San Francisco, California 94111-4024
    Telephone:   415/434-1600
6   Facsimile:   415/217-5910

7   Attorneys for Plaintiffs
    ATR-KIM ENG FINANCIAL CORPORATION
8   and ATR-KIM ENG CAPITAL PARTNERS,
    INC.

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF SAN MATEO

12                       UNLIMITED JURISDICTION

13

14

15  ATR-KIM ENG FINANCIAL              No. CIV 460691
    CORPORATION and ATR-KIM ENG
16  CAPITAL PARTNERS, INC.,            NOTICE OF PENDENCY OF REAL
17                                     PROPERTY CLAIM (LIS PENDENS)
              Plaintiffs,              (Code Civil Proc. §§405.20, et seq.)
18
         v.
19
    HUGO BONILLA, MONICA ARANETA,
20  and DOES 1-25,
21              Defendants.

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

CMC
06/08

2007-018718 CONF
08:12am 02/06/07 NP  Fee: 19.00
Count of pages 5
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

* 2 0 0 7 0 0 1 8 7 1 8 A R *

FILED
SAN MATEO COUNTY
FEB 0 6 2007
Clerk of the Superior Court
By
DEPUTY CLERK

---

NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

1    NOTICE IS HEREBY GIVEN THAT a Complaint To Set Aside Fraudulent Transfer,

2  Annul Obligation and For Damages entitled *ATR-Kim Eng Financial Corporation and ATR-*

3  *Kim Eng Capital Partners, Inc. v. Hugo Bonilla, Monica Araneta, and Does 1-25* (San

4  Mateo County Superior Court Action No. CIV 460691) was filed on February 2, 2007, and

5  is now pending in the Superior Court of California, County of San Mateo. The parties to the

6  action include ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners,

7  Inc., as Plaintiffs, and Hugo Bonilla, Monica Araneta, and Does 1-25 as Defendants, and all

8  persons unknown, claiming any right, title or interest in the subject property, or any cloud on

9  title to the Property.

10    The above-captioned action involves a real property claim affecting certain real

11  property that is situated in San Mateo County, California, United States of America,

12  commonly known as 1605 Wedgewood Drive, Hillsborough, California (San Mateo County

13  Assessor's Parcel Number 038-074-010; Joint Plant Number 038-007-074-01a) and more

14  particularly described as follows:

15    Lot 9, as shown on that certain map entitled "CRYSTAL SPRINGS MAP
    NO. 1-A, HILLSBOROUGH, SAN MATEO COUNTY, CALIFORNIA",
16    filed in the office of the recorder of the County of San Mateo, State of
    California, on August 15, 1947, in Book 27 of Maps at page(s) 45, 46, 47,
17    and 48.

18    An object of this action is to set aside and void a recent transfer of title in the above-

19  described property as being the product of a fraudulent conveyance.

20  February 5, 2007,

21                              Respectfully,

22                              HOWARD RICE NEMEROVSKI CANADY
                                  FALK & RABKIN
23                              A Professional Corporation

24                              By: _____
25                                  MATTHEW L. BELTRAMO

26                              Attorneys for Plaintiffs ATR-KIM ENG
                                FINANCIAL CORPORATION and ATR-KIM
27                              ENG CAPITAL PARTNERS, INC.

28

NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Francisco_

On _Feb. 5, 2007_ before me, _Elaine Saltzberg, Notary Public_
　　　　Date　　　　　　　　　　　　　　Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Matthew L. Beltramo_
　　　　　　　　　　　　　Name(s) of Signer(s)

☐ personally known to me

☒ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Elaine Saltzberg_
　　　　　　　Signature of Notary Public

> ELAINE SALTZBERG
> Commission # 1397102
> Notary Public - California
> San Francisco County
> My Comm. Expires Feb 26, 2007

Place Notary Seal Above

--------------------------------- **OPTIONAL** ---------------------------------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _Notice of Pendency of Real Property Claim_

Document Date: _2/5/07_　　　　　　　　　Number of Pages: _2_

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907    Reorder: Call Toll-Free 1-800-876-6827

## PROOF OF SERVICE

I, Susan Garvey, declare: I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024 (San Francisco County). On February 5, 2007, I served the following document(s) described as **NOTICE OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS) (Code Civil Proc. §§405.20, *et seq.*):**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed to the parties set forth below, via registered mail, return receipt requested.

☐ by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Hugo Bonilla
1605 Wedgewood Drive
Hillsborough, CA 94010

Hugo Bonilla
36611 Sequoia Court
Newark, CA 94560

Hugo Bonilla
c/o LBC Mundial Corporation
362 East Grand Avenue
South San Francisco, CA 94080

Monica Araneta
1605 Wedgewood Drive
Hillsborough, CA 94010

Monica Araneta
48-A McKinley Road
Forbes Park, Makati City, 1219
Philippines

Carlos R. Araneta
1605 Wedgewood Drive
Hillsborough, CA 94010

Carlos Araneta
48-A McKinley Road
Forbes Park, Makati City, 1219
Philippines

Consuelo Araneta
48-A McKinley Road
Forbes Park, Makati City, 1219
Philippines

Consuelo Araneta
1605 Wedgewood Drive
Hillsborough, CA 94010

Maritza Aberouette
c/o MNB Holdings Corporation
3060 16th Street
San Francisco, CA 94103

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

-1-

PROOF OF SERVICE

Maritza Aberouette
170 Yorkshire Court
San Bruno, CA 94066

Michelle Bonilla
36611 Sequoia Court
Newark, CA 94560

North American Title Company
2121 El Camino Real, Bldg. B-205
San Mateo, CA 94403

Richard D. Allen
Thomas W. Briggs, Jr.
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
*(Attorneys for Carlos R. Araneta and Hugo Bonilla)*

Preferred Financial Group, Inc.
(dba Preferred Financial Services)
112 Park Place
Millbrae, California 94030
Attn: Loan #2902959

Warren Slocum
County Assessor
555 County Center
Redwood City, CA 94063

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on February 5, 2007.

_Susan Garvey_
Susan Garvey

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN

-2-

PROOF OF SERVICE

**EXHIBIT 6**

1  MICHAEL J. BAKER (No. 56492)
   Email: mbaker@howardrice.com
2  MATTHEW L. BELTRAMO (No. 184796)
   Email: mbeltramo@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4024
   Telephone:  415/434-1600
6  Facsimile:   415/217-5910

7  Attorneys for Plaintiffs
   ATR-KIM ENG FINANCIAL CORPORATION
8  and ATR-KIM ENG CAPITAL PARTNERS,
   INC.

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  COUNTY OF SAN MATEO    FILED
                                          SAN MATEO COUNTY
12          UNLIMITED JURISDICTION
                                          FEB 0 9 2007
13
                                          Clerk of the Superior Court
14                                        By
                                             DEPUTY CLERK
15
   ATR-KIM ENG FINANCIAL           No. CIV 460691
16 CORPORATION and ATR-KIM ENG
   CAPITAL PARTNERS, INC.,         NOTICE OF PENDENCY OF REAL
17                                 PROPERTY CLAIM (LIS PENDENS)
              Plaintiffs,          (Code Civil Proc. §§405.20, et seq.)
18
        v.
19
   HUGO BONILLA, MONICA ARANETA,
20 and DOES 1-25,

21            Defendants.

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

2007-018718
08:12am 02/06/07 NP  Fee: 19.00
Count of pages 5
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

* 2 0 0 7 0 0 1 8 7 1 8 A R *

                 NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

1       NOTICE IS HEREBY GIVEN THAT a Complaint To Set Aside Fraudulent Transfer,

2   Annul Obligation and For Damages entitled *ATR-Kim Eng Financial Corporation and ATR-*

3   *Kim Eng Capital Partners, Inc. v. Hugo Bonilla, Monica Araneta, and Does 1-25* (San

4   Mateo County Superior Court Action No. CIV 460691) was filed on February 2, 2007, and

5   is now pending in the Superior Court of California, County of San Mateo.  The parties to the

6   action include ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners,

7   Inc., as Plaintiffs, and Hugo Bonilla, Monica Araneta, and Does 1-25 as Defendants, and all

8   persons unknown, claiming any right, title or interest in the subject property, or any cloud on

9   title to the Property.

10      The above-captioned action involves a real property claim affecting certain real

11  property that is situated in San Mateo County, California, United States of America,

12  commonly known as 1605 Wedgewood Drive, Hillsborough, California (San Mateo County

13  Assessor's Parcel Number 038-074-010; Joint Plant Number 038-007-074-01a) and more

14  particularly described as follows:

15      Lot 9, as shown on that certain map entitled "CRYSTAL SPRINGS MAP
    NO. 1-A, HILLSBOROUGH, SAN MATEO COUNTY, CALIFORNIA",

16  filed in the office of the recorder of the County of San Mateo, State of
    California, on August 15, 1947, in Book 27 of Maps at page(s) 45, 46, 47,

17  and 48.

18      An object of this action is to set aside and void a recent transfer of title in the above-

19  described property as being the product of a fraudulent conveyance.

20  February 5, 2007.

                    Respectfully,

21

22                      HOWARD RICE NEMEROVSKI CANADY
                              FALK & RABKIN

23                      A Professional Corporation

24                      By: _____

25                        MATTHEW L. BELTRAMO

26                      Attorneys for Plaintiffs ATR-KIM ENG
                        FINANCIAL CORPORATION and ATR-KIM

27                      ENG CAPITAL PARTNERS; INC.

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

-1-

NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of San Francisco

On Feb. 5, 2007 before me, Elaine Saltzberg Notary Public
        Date                              Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared Matthew L. Bettramo
                                  Name(s) of Signer(s)

☐ personally known to me

☒ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

**ELAINE SALTZBERG**
Commission # 1397102
Notary Public - California
San Francisco County
My Comm. Expires Feb 26, 2007

Place Notary Seal Above

Signature of Notary Public

―――――――――――― **OPTIONAL** ――――――――――――

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Notice of Pendency of Real Property Claim

Document Date: 2/5/07                    Number of Pages: 2

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402        Item No. 5907        Reorder: Call Toll-Free 1-800-876-6827

# PROOF OF SERVICE

I, Susan Garvey, declare: I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024 (San Francisco County). On February 5, 2007, I served the following document(s) described as **NOTICE OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS) (Code Civil Proc. §§405.20, et seq.):**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed to the parties set forth below, via registered mail, return receipt requested.

☐    by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Hugo Bonilla
1605 Wedgewood Drive
Hillsborough, CA 94010

Hugo Bonilla
36611 Sequoia Court
Newark, CA 94560

Hugo Bonilla
c/o LBC Mundial Corporation
362 East Grand Avenue
South San Francisco, CA 94080

Monica Araneta
1605 Wedgewood Drive
Hillsborough, CA 94010

Monica Araneta
48-A McKinley Road
Forbes Park, Makati City, 1219
Philippines

Carlos R. Araneta
1605 Wedgewood Drive
Hillsborough, CA 94010

Carlos Araneta
48-A McKinley Road
Forbes Park, Makati City, 1219
Philippines

Consuelo Araneta
48-A McKinley Road
Forbes Park, Makati City, 1219
Philippines

Consuelo Araneta
1605 Wedgewood Drive
Hillsborough, CA 94010

Maritza Aberouette
c/o MNB Holdings Corporation
3060 16th Street
San Francisco, CA 94103

-1-

PROOF OF SERVICE

Maritza Aberouette
170 Yorkshire Court
San Bruno, CA 94066

Michelle Bonilla
36611 Sequoia Court
Newark, CA 94560

North American Title Company
2121 El Camino Real, Bldg. B-205
San Mateo, CA 94403

Richard D. Allen
Thomas W. Briggs, Jr.
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
*(Attorneys for Carlos R. Araneta and Hugo Bonilla)*

Preferred Financial Group, Inc.
(dba Preferred Financial Services)
112 Park Place
Millbrae, California 94030
Attn: Loan #2902959

Warren Slocum
County Assessor
555 County Center
Redwood City, CA 94063

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on February 5, 2007.

Susan Garvey

-2-

PROOF OF SERVICE

[Rev. 02/25/05]

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:
Matthew L. Beltramo

WHEN RECORDED MAIL TO:
Howard Rice Nemerovski Canady
Falk & Rabkin
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024

**2007-021476**
02:14pm 02/09/07 NP  Fee: 28.00
Count of pages 8
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

*20070021476AR*

(THIS SPACE FOR RECORDER'S USE ONLY)

Supplemental Proof of service of Notice of Pendency of Real
Property Claim

Being Recorded to ADD
Corrected Proof of Service

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION (GOVT. CODE 27361.6)
(additional recording fee applies)

1   MICHAEL J. BAKER (No. 56492)
    Email: mbaker@howardrice.com
2   MATTHEW L. BELTRAMO (No. 184796)
    Email: mbeltramo@howardrice.com
3   HOWARD RICE NEMEROVSKI CANADY
         FALK & RABKIN
4   A Professional Corporation
    Three Embarcadero Center, 7th Floor
5   San Francisco, California 94111-4024
    Telephone:   415/434-1600
6   Facsimile:   415/217-5910

7   Attorneys for Plaintiffs
    ATR-KIM ENG FINANCIAL CORPORATION
8   and ATR-KIM ENG CAPITAL PARTNERS,
    INC.

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF SAN MATEO

12                         UNLIMITED JURISDICTION

13

14

15   ATR-KIM ENG FINANCIAL                    No. CIV 460691
     CORPORATION and ATR-KIM ENG
16   CAPITAL PARTNERS, INC.,                  SUPPLEMENTAL PROOF OF SERVICE
                                              OF NOTICE OF PENDENCY OF REAL
17                    Plaintiffs,             PROPERTY CLAIM

18          v.

19   HUGO BONILLA, MONICA ARANETA,
     and DOES 1-25,
20
                      Defendants.
21

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

## PROOF OF SERVICE

I, Susan Garvey, declare:  I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024 (San Francisco County).  On February 8, 2007, I served the following document(s) described as **NOTICE OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS) (Code Civil Proc. §§405.20, *et seq.*):**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed to the parties set forth below, via registered mail, return receipt requested.

☐   by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

North American Title Company
330 Primrose Road #600
Burlingame, CA  94010

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California on February 8, 2007.

_Susan Garvey_
Susan Garvey

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-1-

**EXHIBIT 7**

MICHAEL J. BAKER (No. 56492)
Email: mbaker@howardrice.com
MATTHEW L. BELTRAMO (No. 184796)
Email: mbeltramo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:   415/434-1600
Facsimile:    415/217-5910

Attorneys for Plaintiffs
ATR-KIM ENG FINANCIAL CORPORATION
and ATR-KIM ENG CAPITAL PARTNERS,
INC.

**FILED**
SAN MATEO COUNTY

FEB 1 6 20_7

Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

UNLIMITED JURISDICTION

| | |
|---|---|
| ATR-KIM ENG FINANCIAL CORPORATION and ATR-KIM ENG CAPITAL PARTNERS, INC.,<br><br>           Plaintiffs,<br><br>     v.<br><br>HUGO BONILLA, MONICA ARANETA, DORA M. ABEROUETTE, MICHELLE BONILLA, and DOES 1-50,<br><br>           Defendants. | No. CIV 460691<br><br>FIRST AMENDED COMPLAINT TO SET ASIDE FRAUDULENT TRANSFERS, ANNUL OBLIGATIONS AND FOR DAMAGES |

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

Plaintiffs ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc. ("Plaintiffs") allege as follows:

## PARTIES

1.     Plaintiffs are corporations headquartered in the Philippines.

2.     Plaintiffs are informed and believe and thereon allege that Defendant Hugo Bonilla ("Hugo Bonilla"), is an individual residing in Alameda County, California.

3.     Plaintiffs are informed and believe and thereon allege that Defendant Monica Araneta ("Monica Araneta") is an individual, residing principally in the Philippines with a residence in San Mateo County, California.  Her name appears as the recent transferee of a parcel of real property known as 1605 Wedgewood Drive, Hillsborough, California, discussed more fully below.

4.     Plaintiffs are informed and believe and thereon allege that Defendant Dora M. Aberouette ("Dora Aberouette") is an individual residing in San Mateo County, California, and is the titled owner of two parcels of real property located in Alameda County, California, and discussed in greater detail below.

5.     Plaintiffs are informed and believe and thereon allege that Defendant Michelle Bonilla ("Michelle Bonilla"), is an individual residing in Alameda County, California.

6.     Plaintiffs are ignorant of the true names and capacities of defendants sued as Does 1 through 50, inclusive, and therefore sue those defendants by fictitious names. Plaintiffs will amend this Complaint to allege the Doe Defendants' true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is legally responsible in some manner for the actions herein alleged, that each was acting as agent of and in concert with the others, and that Plaintiffs' damages were proximately caused by their conduct.

## JURISDICTION AND VENUE

7.     Jurisdiction is proper in this Court pursuant to Code of Civil Procedure

-1-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

1    Sections 86 and 88 because the amount in controversy is in excess of this Court's

2    jurisdictional minimum.

3       8.    Venue is proper in this Court pursuant to Code of Civil Procedure Section 392

4    because one of the parcels of real property that is the subject of this action is located in San

5    Mateo County, California.

6

7                           **FACTUAL BACKGROUND**

8    **A.    The Delaware Judgment.**

9       9.    In or about June 2004, Plaintiffs commenced litigation in the Delaware Court of

10   Chancery against Defendant Hugo Bonilla, Carlos Araneta, and others, alleging breach of

11   fiduciary duties and other causes of action.  The lawsuit related to a Delaware holdings

12   company controlled by Carlos Araneta in which Plaintiffs were minority shareholders.

13   Hugo Bonilla was one of the directors of the Delaware holdings company.

14      10.   The case went to trial in August 2006.  On or about December 21, 2006, the

15   Delaware trial court issued a lengthy memorandum opinion, finding that Hugo Bonilla,

16   Carlos Araneta and a third individual had breached their respective fiduciary duties to

17   Plaintiffs and indicating that it would award Plaintiffs millions of dollars in damages.

18      11.   On or about January 11, 2007, a final judgment was entered against Hugo

19   Bonilla, Carlos Araneta and the third individual in the amount of $24,490,422.50, plus post-

20   judgment interest. (The award also included an additional amount for attorneys' fees and

21   costs against Carlos Araneta individually.)   A certified copy of that final judgment (the

22   "Delaware Judgment") is attached hereto as Exhibit A.

23      12.   As a result of the Delaware Judgment, Plaintiffs are creditors of Hugo Bonilla

24   with a claim against him in the amount of the Judgment set forth above, plus post-judgment

25   interest and costs.

26      13.   To date, neither the whole nor any part of Plaintiffs' claim against Hugo Bonilla

27   or any of the other Delaware defendants has been paid to Plaintiffs.

28

1ST AMENDED COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, AND FOR OTHER RELIEF

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

## B.   The Hillsborough Property.

14.   On or about January 27, 2003, Hugo Bonilla became record owner of a one-third interest in a parcel of real property located in San Mateo County, State of California, known as 1605 Wedgewood Drive, Hillsborough, California, (hereinafter the "Wedgewood Drive Property") and more particularly described as follows:

- San Mateo County Assessor's Parcel Number 038-074-010; and

- "Lot 9, AS SHOWN ON THAT CERTAIN MAP ENTITLED, 'CRYSTAL SPRINGS MAP NO. 1-A, HILLSBOROUGH, SAN MATEO COUNTY, CALIFORNIA', FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA, ON AUGUST 15, 1947, IN BOOK 27 OF MAPS AT PAGE(S) 45, 46, 47 AND 48."

15.   At the same time, two other individuals—Maritza Aberouette and Consuelo Araneta—also acquired record ownership of one-third interests in the Wedgewood Drive Property as tenants-in-common with Defendant Hugo Bonilla.

16.   Plaintiffs are informed and believe and thereon allege that Consuelo Araneta is Carlos Araneta's wife.

17.   Plaintiffs are informed and believe and thereon allege that Maritza Aberouette is Hugo Bonilla's aunt.

18.   Documents recorded in the San Mateo County Recorder's Office show that, by means of an Individual Grant Deed recorded on or about May 13, 2005, Maritza Aberouette and Consuelo Araneta transferred full ownership of the Wedgewood Drive property to Hugo Bonilla.

19.   Documents recorded in the San Mateo County Recorder's Office also reveal that, by virtue of an Interspousal Transfer Grant Deed recorded on or about May 13, 2005, Hugo Bonilla's wife, Michelle Bonilla, conveyed all rights, title and interests in the property to Hugo Bonilla, as his sole and separate property.

20.   On or about January 8, 2007, *less than three weeks* after the Delaware trial court issued its Memorandum Opinion and just days before that opinion was reduced to a final

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-3-

1   judgment, Defendant Hugo Bonilla signed a "Grant Deed" transferring the Wedgewood

2   Drive Property to Defendant Monica Araneta.  The transaction was recorded with the

3   Recorder's Office of the County of San Mateo on or about January 9, 2007.  A copy of this

4   Grant Deed is attached hereto as Exhibit B and incorporated by reference herein.  As noted

5   in the Grant Deed, the transfer was for consideration of *less than $100*" (emphasis added).

6       21.    According to public records maintained by the Tax Collector of San Mateo

7   County, the Wedgewood Drive Property has a "net value" of over $3.6 million.

8       22.    Plaintiffs are informed and believe and thereupon allege that Defendant Monica

9   Araneta is the daughter of Carlos Araneta and that therefore she is effectively an "insider."

10      23.    The transfer of the Wedgewood Drive Property from Hugo Bonilla to Monica

11  Araneta was not disclosed to Plaintiffs.

12      24.    The transfer of the Wedgewood Drive Property from Hugo Bonilla to Monica

13  Araneta occurred after Hugo Bonilla had been sued in Delaware state court and while the

14  parties were awaiting final judgment on that action.

15      25.    Plaintiffs are informed and believe and thereon allege that at the time of or

16  shortly after the transfer of the Wedgewood Drive Property, Hugo Bonilla was insolvent in

17  that, at fair valuations, the sum of his debts was greater than his assets.

18      26.    The transfer of the Wedgewood Drive Property from Hugo Bonilla to Monica

19  Araneta occurred shortly after Hugo Bonilla was given notice that he owed Plaintiffs million

20  of dollars and that final judgment was about to be entered against him in an amount

21  exceeding $24 million.

22      27.    As a result of the transfer of the Wedgewood Drive Property from Hugo Bonilla

23  to Monica Araneta, Plaintiffs have been harmed in an amount to be determined at trial.

24

25  **C.    The Sequoia Court Property In Newark, California.**

26      28.    Documents recorded in the Alameda County Recorder's Office show that, prior

27  to and during the pendency of the Delaware action, Hugo Bonilla and his wife, Michelle

28  Bonilla, were the record owners of a parcel of real property located in Alameda County,

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-4-

1    State of California, known as 36611 Sequoia Court, Newark, California (hereinafter the

2    "Sequoia Court Property") and more particularly described as follows:

3    • Alameda County Assessor's Parcel Number 092A-0507-087; and

4    • Lot 47, Tract 3725, filed October 29, 1976, Map Book 93, Pages 19-23, Alameda

5      County Records.

6    29.  Plaintiffs are informed and believe and thereon allege that, as of April 2004, the

7    Sequoia Court Property was Hugo Bonilla's residence.

8    30.  On or about January 18, 2007, approximately one week after the Delaware

9    Judgment was entered, Hugo Bonilla and Michelle Bonilla, as husband and wife, executed a

10   "Grant Deed" transferring the Sequoia Court Property to Dora Aberouette, a married

11   woman, as her sole and separate property.  The transaction was recorded with the Recorder's

12   Office of the County of Alameda on or about January 29, 2007.  A copy of this Grant Deed

13   is attached hereto as Exhibit C and incorporated by reference herein.

14   31.  According to an Interspousal Grant Deed recorded in the Alameda County

15   Recorder's Office on or about January 29, 2007, Gene Aberouette, the husband of Dora

16   Aberouette, granted his interest in the Sequoia Court Property to Dora Aberouette as her sole

17   and separate property.

18   32.  Plaintiffs are informed and believe and thereupon allege that Dora Aberouette is

19   related by blood or marriage to Hugo Bonilla, making her an "insider."

20   33.  The transfer of the Sequoia Court Property from Hugo Bonilla and Michelle

21   Bonilla to Dora Aberouette was not disclosed to Plaintiffs.

22   34.  Plaintiffs are informed and believe and thereon allege that, at the time of or

23   shortly after the transfer of the Sequoia Court Property, Hugo Bonilla was insolvent in that,

24   fairly valued, the sum of his debts was greater than his assets.

25   35.  Plaintiffs are informed and believe and thereon allege that Michelle Bonilla knew

26   or should have known that her husband, Hugo Bonilla, was insolvent at the time of the

27   transfer of the Sequoia Court Property to Dora Aberouette.

28   36.  The transfer of the Sequoia Court Property from Hugo Bonilla and Michelle

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-5-

1ST AMENDED COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, AND FOR OTHER RELIEF

1   Bonilla to Dora Aberouette occurred just days after final judgment was entered against Hugo

2   Bonilla in an amount exceeding $24 million..

3       37.   As a result of the transfer of the Sequoia Court Property from Hugo Bonilla and

4   Michelle Bonilla to Dora Aberouette, Plaintiffs have been harmed in an amount to be

5   determined at trial.

6   **D.   The Locust Street Property In Newark, California.**

7       38.   Documents recorded in the Alameda County Recorder's Office show that, during

8   the pendency of the Delaware action, Hugo Bonilla was the sole titled owner of a parcel of

9   real property located in Alameda County, State of California, known as 37022 Locust Street,

10  Newark, California (hereinafter the "Locust Street Property") and more particularly

11  described as follows:

12  • Alameda County Assessor's Parcel Number 092-0126-022; and

13  • Parcel 3 of Parcel Map 4430, Filed November 5, 1984, Book 149 of Parcel Map 8,

14    Alameda County Records.

15      39.   On or about January 18, 2007, approximately one week after the Delaware

16  Judgment was entered, Hugo Bonilla executed a "Grant Deed" transferring the Locust Street

17  Property to Dora Aberouette, a married woman, as her sole and separate property.   The

18  transaction was recorded with the Recorder's Office of the County of Alameda on or about

19  January 25, 2007.   A copy of this Grant Deed is attached hereto as Exhibit D and

20  incorporated by reference herein.

21      40.   According to an Interspousal Grant Deed recorded in the Alameda County

22  Recorder's Office on or about January 25, 2007, Gene Aberouette, the husband of Dora

23  Aberouette, granted his interest in the Locust Street Property to Dora Aberouette as her sole

24  and separate property.

25      41.   Plaintiffs are informed and believe and thereupon allege that Dora Aberouette is

26  related by blood or marriage to Hugo Bonilla, making her an "insider."

27      42.   The transfer of the Locust Street Property from Hugo Bonilla to Dora Aberouette

28  was not disclosed to Plaintiffs.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-6-

43.    Plaintiffs are informed and believe and thereon allege that, at the time of or shortly after the transfer of the Locust Street Property, Hugo Bonilla was insolvent in that, fairly valued, the sum of his debts was greater than his assets.

44.    The transfer of the Locust Street Property from Hugo Bonilla to Dora Aberouette occurred just days after final judgment was entered against Hugo Bonilla in an amount exceeding $24 million.

45.    As a result of the transfer of the Locust Street Property from Hugo Bonilla to Dora Aberouette, Plaintiffs have been harmed in an amount to be determined at trial.

**FIRST CAUSE OF ACTION**
**(Fraudulent Conveyance of Wedgewood Drive Property Based On Intent to Hinder, Delay or Defraud; Against Defendants Hugo Bonilla, Monica Araneta and Does 1-20)**

46.    Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1 through 45, herein.

47.    Plaintiffs are informed and believe and thereon allege that in transferring the Wedgewood Drive Property to Monica Araneta, Hugo Bonilla intended to hinder, delay or defraud Plaintiffs—the creditors—in their efforts to collect on the Delaware Judgment.

48.    Plaintiffs are informed and believe and thereon allege that Does 1-20 assisted Hugo Bonilla in his efforts to hinder, delay or defraud Plaintiffs in their efforts to collect on the Delaware Judgment.

49.    Plaintiffs are informed and believe and thereon allege that Monica Araneta did not take the Wedgewood Drive Property in good faith because, among other reasons, she did not pay reasonably equivalent value for the property.

50.    As a proximate result of the wrongful acts of the Defendants, the transfer of the Wedgewood Drive Property to Monica Araneta was fraudulent and void and must be set aside to the extent necessary to satisfy Plaintiffs' claims against Hugo Bonilla.

51.    Further, as a proximate result of the wrongful acts of the Defendants, Plaintiffs have been damaged in an amount subject to proof at trial.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN

1    52.   At all times relevant herein, Hugo Bonilla and Does 1-20 knew of Plaintiffs'

2    claim against Hugo Bonilla and knew that the claim could be satisfied, at least in part, out of

3    the sale of the Wedgewood Court Property.   In participating in the transfer of the

4    Wedgewood Drive Property, these Defendants have acted in bad faith, and with an

5    oppressive, fraudulent and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an

6    award of punitive damages.

7

8                          **SECOND CAUSE OF ACTION**

     **(Fraudulent Conveyance of Wedgewood Drive Property Based On**
9    **Lack of Reasonably Equivalent Value; Against Defendants Hugo**
                 **Bonilla, Monica Araneta and Does 1-30)**
10

11   53.   Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1

12   through 45, herein.

13   54.   Plaintiffs are informed and believe and thereon allege that Hugo Bonilla did not

14   receive, and that Monica Araneta did not pay, reasonably equivalent value for the transfer of

15   the Wedgewood Drive Property, and that the transfer served no legitimate business purpose.

16   Plaintiffs are further informed and believe and thereon allege that the consideration reflected

17   on the Grant Deed—"less than $100"—is far below the real worth of the property.

18   55.   Plaintiffs are informed and believe and thereon allege that if Monica Araneta was

19   aware that the Wedgewood Drive Property had been transferred to her, she knew or

20   reasonably should have known that the transfer was not for reasonably equivalent value and

21   served no legitimate business purpose.

22   56.   Plaintiffs are informed and believe and thereon allege that, at the time of the

23   transfer of the Wedgewood Drive Property to Monica Araneta, Hugo Bonilla knew that he

24   had incurred or would incur debts to Plaintiffs beyond his ability to pay (i.e., the Delaware

25   Judgment).

26   57.   Plaintiffs' claim against Hugo Bonilla arose before the transfer of the

27   Wedgewood Drive Property to Monica Araneta.   Plaintiffs are informed and believe and

28   thereon allege that at the time of or as a result of the transfer of the Wedgewood Drive

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-8-

1   Property to Monica Araneta, Hugo Bonilla was insolvent, in that the sum of his debts, at fair

2   valuations, exceeded the sum of his assets.

3       58.   Plaintiffs are informed and believe and thereon allege that Does 1-20 assisted

4   Hugo Bonilla in the transfer of the Wedgewood Drive Property to Monica Araneta for an

5   unreasonably low amount of consideration and, in so doing, knew that Hugo Bonilla had

6   incurred or would incur debts to Plaintiffs beyond his ability to pay (i.e., the Delaware

7   Judgment) and/or knew that Hugo Bonilla was insolvent.

8       59.   Plaintiffs are informed and believe and thereon allege that Does 21-30 assisted

9   Monica Araneta in receiving the transfer of the Wedgewood Drive Property for an

10  unreasonable amount of consideration and, in so doing, knew that Hugo Bonilla had incurred

11  or would incur debts to Plaintiffs beyond his ability to pay (i.e., the Delaware Judgment)

12  and/or knew that Hugo Bonilla was insolvent.

13      60.   As a proximate cause of the wrongful acts of the Defendants, the transfer of the

14  Wedgewood Drive Property is fraudulent and void and must be set aside to the extent

15  necessary to satisfy the debt owed to Plaintiffs.

16      61.   Further, as a proximate result of the wrongful acts of the Defendants, Plaintiffs

17  have been damaged in an amount subject to proof at trial.

18      62.   At all times relevant herein, Hugo Bonilla and Does 1-20 knew of Plaintiffs'

19  claim against Hugo Bonilla and knew that the claim could be satisfied, at least in part, out of

20  the sale of the Wedgewood Drive Property.   In participating in the transfer of the

21  Wedgewood Drive Property, these Defendants have acted in bad faith, and with an

22  oppressive, fraudulent and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an

23  award of punitive damages.

24

25                       **THIRD CAUSE OF ACTION**

26  **(Fraudulent Conveyance Of Sequoia Court Property Against**
    **Defendants Hugo Bonilla, Michelle Bonilla, Dora Aberouette and**

27  **Does 1-20 and 31-40)**

28      63.   Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-9-

1  through 45, herein.

2      64.  Plaintiffs are informed and believe and thereon allege that in transferring the

3  Sequoia Court Property to Dora Aberouette, Hugo Bonilla intended to hinder, delay or

4  defraud Plaintiffs—the creditors—in their efforts to collect on the Delaware Judgment.

5      65.  Plaintiffs are informed and believe and thereon allege that at the time she took

6  part in transferring the Sequoia Court Property to Dora Aberouette, Michelle Bonilla knew

7  of or reasonably should have known that the purpose of the transfer was to hinder, delay or

8  defraud Plaintiffs—the creditors—in their efforts to collect on the Delaware Judgment.

9      66.  Plaintiffs are informed and believe and thereon allege that, in connection with the

10  transfer of the Sequoia Court Property, Dora Aberouette was not acting in good faith in that

11  she knew or reasonably should have known that Defendant Bonilla was thereby intending to

12  defraud Plaintiffs and improperly shield his assets from them.

13      67.  Plaintiffs are informed and believe and thereon allege that Does 1-20 assisted

14  Defendant Bonilla in his efforts to hinder, delay or defraud Plaintiffs in their efforts to

15  collect on the Delaware Judgment.

16      68.  Plaintiffs are informed and believe and thereon allege that Does 31-40 assisted

17  Dora Aberouette in receiving the Sequoia Court Property at a time when she knew or should

18  have known that Defendant Bonilla was thereby intending to defraud Plaintiffs and

19  improperly shield his assets from them.

20      69.  As a proximate cause of the wrongful acts of the Defendants, the transfer of the

21  Sequoia Court Property is fraudulent and void and must be set aside to the extent necessary

22  to satisfy the debt owed to Plaintiffs.

23      70.  Further, as a proximate result of the wrongful acts of the Defendants, Plaintiffs

24  have been damaged in an amount subject to proof at trial.

25      71.  At all times relevant herein, Hugo Bonilla and Does 1-20 knew of Plaintiffs'

26  claim against Hugo Bonilla and knew that the claim could be satisfied, at least in part, out of

27  the sale of the Sequoia Court Property. In participating in the transfer of the Sequoia Court

28  Property, these Defendants have acted in bad faith, and with an oppressive, fraudulent and/or

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-10-

malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of punitive damages.

### FOURTH CAUSE OF ACTION
**(Fraudulent Conveyance Of Locust Street Property Against Defendants Hugo Bonilla, Dora Aberouette and Does 1-20 and 31-40)**

72.    Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1 through 45, herein.

73.    Plaintiffs are informed and believe and thereon allege that in transferring the Locust Street Property to Dora Aberouette, Hugo Bonilla intended to hinder, delay or defraud Plaintiffs—the creditors—in their efforts to collect on the Delaware Judgment.

74.    Plaintiffs are informed and believe and thereon allege that, at the time of the transfer of the Locust Street Property, Dora Aberouette was not acting in good faith in that she knew or should have known that Defendant Bonilla was intending thereby to defraud Plaintiffs and improperly shield his assets from them.

75.    Plaintiffs are informed and believe and thereon allege that Does 1-20 assisted Hugo Bonilla in his efforts to hinder, delay or defraud Plaintiffs in their efforts to collect on the Delaware Judgment.

76.    Plaintiffs are informed and believe and thereon allege that Does 31-40 assisted Dora Aberouette in accepting the transfer of the Locust Street Property at a time when she knew or should have known that Defendant Bonilla was intending to defraud Plaintiffs and improperly shield his assets from them.

77.    As a proximate cause of the wrongful acts of the Defendants, the transfer of the Locust Street Property is fraudulent and void and must be set aside to the extent necessary to satisfy the debt owed to Plaintiffs.

78.    Further, as a proximate result of the wrongful acts of the Defendants, Plaintiffs have been damaged in an amount subject to proof at trial.

79.    At all times relevant herein, Hugo Bonilla and Does 1-20 knew of Plaintiffs' claim against Hugo Bonilla and knew that the claim could be satisfied, at least in part, out of

-11-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

the sale of the Locust Street Property.  In participating in the transfer of the Locust Street Property, these Defendants have acted in bad faith, and with an oppressive, fraudulent and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### (Conspiracy Against Defendant Hugo Bonilla and Does 1-20)

80.  Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1 through 45, herein.

81.  Does 1-20 were aware that Defendant Hugo Bonilla planned to hinder, delay and defraud Plaintiffs by transferring the Wedgewood Drive Property to Defendant Monica Araneta, by transferring the Sequoia Court Property to Dora Aberouette, and/or by transferring the Locust Street Property to Dora Aberouette.  Does 1-20 agreed with Hugo Bonilla and intended that the transfer be committed.

82.  Defendants Hugo Bonilla and Does 1-20 did the acts and things alleged herein pursuant to, and in furtherance of, the conspiracy and agreement above.

83.  As a proximate result of the wrongful acts herein alleged Plaintiffs have been damaged in an amount subject to proof at trial.

84.  At all times mentioned herein, Hugo Bonilla and Does 1-20 knew of Plaintiffs' claim against Defendant Hugo Bonilla and knew that Plaintiffs' claim could be satisfied out of the proceeds of sale of Wedgewood Drive Property.  Notwithstanding this knowledge, these Defendants have acted in bad faith, and with an oppressive, fraudulent and/or malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### (Injunctive Relief Under Code of Civil Procedure §§526-527
### Against All Defendants)

85.  Plaintiffs incorporate by reference all of the allegations set forth in Paragraphs 1 through 45, herein.

86.  Plaintiffs are informed and believe and thereon allege that a primary source for

-12-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

1    satisfaction of the Delaware Judgment against Hugo Bonilla lies in the proceeds of sale of

2    the Wedgewood Drive Property, the Sequoia Court Property and the Locust Street Property.

3    Those properties have been fraudulently transferred, the first to Monica Araneta and the

4    second and third to Dora Aberouette. At present there is nothing to prevent Monica Araneta,

5    Dora Aberouette, Hugo Bonilla or Does 1-50 from secreting or dissipating any proceeds

6    from a sale or other disposition of the Property.

7        87.    Such acts, unless enjoined, will cause Plaintiffs great or irreparable injury for

8    which they have no adequate remedy at law.

9

10                                    **PRAYER**

11        WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

12        1.    That the transfer of the real property known as 1605 Wedgewood Drive,

13    Hillsborough, California from Hugo Bonilla to Monica Araneta, be set aside and declared

14    void as to the Plaintiffs herein to the extent necessary to satisfy Plaintiffs' claim in the sum

15    of $24,490,422.50, plus post-judgment interest at the legal rate since entry of the Delaware

16    Judgment and other recoverable costs of enforcement;

17        2.    That the property known as 1605 Wedgewood Drive, Hillsborough, California in

18    the hands of Monica Araneta be attached in accordance with the provisions of Section

19    481.010 through 493.060 of the Code of Civil Procedure.

20        3.    That Monica Araneta be restrained from disposing of the property known as 1605

21    Wedgewood Drive, Hillsborough, California unless and until the sum of $24,490,422.50,

22    plus post-judgment interest and other recoverable costs has been paid to Plaintiffs, or

23    Plaintiffs' rights to the property or proceeds thereof have been fully adjudicated;

24        4.    That a preliminary injunction be granted enjoining and restraining all Defendants

25    and their representatives, attorneys, and agents from selling, transferring, conveying, or

26    otherwise disposing of the property known as 1605 Wedgewood Drive, Hillsborough,

27    California, and proceeds thereof;

28        5.    That an order pendente lite be granted enjoining and restraining all Defendants

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-13-

1   and their representatives, attorneys, servants, and agents from selling, transferring,

2   conveying, assigning, or otherwise disposing of any of the property known as 1605

3   Wedgewood Drive, Hillsborough, California;

4       6.   That the judgment herein be declared a lien on the property known as 1605

5   Wedgewood Drive, Hillsborough, California;

6       7.   That an order be made declaring that Defendants hold the property known as

7   1605 Wedgewood Drive, Hillsborough, California, in trust for Plaintiffs;

8       8.   That all Defendants be required to account to Plaintiffs for all profits and

9   proceeds earned from or taken in exchange for the property known as 1605 Wedgewood

10   Drive, Hillsborough, California;

11       9.   That the transfer of the real property known as 36611 Sequoia Court, Newark,

12   California, from Hugo Bonilla and Michelle Bonilla to Dora Aberouette, be set aside and

13   declared void as to the Plaintiffs herein to the extent necessary to satisfy Plaintiffs' claim in

14   the sum of $24,490,422.50, plus post-judgment interest at the legal rate since entry of the

15   Delaware Judgment and other recoverable costs of enforcement;

16       10.  That the property known as 36611 Sequoia Court, Newark, California in the

17   hands of Dora Aberouette be attached in accordance with the provisions of Section 481.010

18   through 493.060 of the Code of Civil Procedure.

19       11.  That Dora Aberouette be restrained from disposing of the property known as

20   36611 Sequoia Court, Newark, California unless and until the sum of $24,490,422.50, plus

21   post-judgment interest and other recoverable costs has been paid to Plaintiffs, or Plaintiffs'

22   rights to the property or proceeds thereof have been fully adjudicated;

23       12.  That a preliminary injunction be granted enjoining and restraining all Defendants

24   and their representatives, attorneys, and agents from selling, transferring, conveying, or

25   otherwise disposing of the property known as 36611 Sequoia Court, Newark, California, and

26   proceeds thereof;

27       13.  That an order pendente lite be granted enjoining and restraining all Defendants

28   and their representatives, attorneys, servants, and agents from selling, transferring,

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-14-

1   conveying, assigning, or otherwise disposing of any of the property known as 36611 Sequoia

2   Court, Newark, California;

3       14.   That the judgment herein be declared a lien on the property known as 36611

4   Sequoia Court, Newark, California;

5       15.   That an order be made declaring that Defendants hold the property known as

6   36611 Sequoia Court, Newark, California, in trust for Plaintiffs;

7       16.   That all Defendants be required to account to Plaintiffs for all profits and

8   proceeds earned from or taken in exchange for the property known as 36611 Sequoia Court,

9   Newark, California;

10      17.   That the transfer of the real property known as 37022 Locust Street, Newark,

11  California, from Hugo Bonilla to Dora Aberouette, be set aside and declared void as to the

12  Plaintiffs herein to the extent necessary to satisfy Plaintiffs' claim in the sum of

13  $24,490,422.50, plus post-judgment interest at the legal rate since entry of the Delaware

14  Judgment and other recoverable costs of enforcement;

15      18.   That the property known as 37022 Locust Street, Newark, California in the hands

16  of Dora Aberouette be attached in accordance with the provisions of Section 481.010

17  through 493.060 of the Code of Civil Procedure.

18      19.   That Dora Aberouette be restrained from disposing of the property known as

19  37022 Locust Street, Newark, California unless and until the sum of $24,490,422.50, plus

20  post-judgment interest and other recoverable costs has been paid to Plaintiffs, or Plaintiffs'

21  rights to the property or proceeds thereof have been fully adjudicated;

22      20.   That a preliminary injunction be granted enjoining and restraining all Defendants

23  and their representatives, attorneys, and agents from selling, transferring, conveying, or

24  otherwise disposing of the property known as 37022 Locust Street, Newark, California, and

25  proceeds thereof;

26      21.   That an order pendente lite be granted enjoining and restraining all Defendants

27  and their representatives, attorneys, servants, and agents from selling, transferring,

28  conveying, assigning, or otherwise disposing of any of the property known as 37022 Locust

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-15-

1    Street, Newark, California;

2        22.    That the judgment herein be declared a lien on the property known as 37022

3    Locust Street, Newark, California;

4        23.    That an order be made declaring that Defendants hold the property known as

5    37022 Locust Street, Newark, California, in trust for Plaintiffs;

6        24.    That all Defendants be required to account to Plaintiffs for all profits and

7    proceeds earned from or taken in exchange for the property known as 37022 Locust Street,

8    Newark, California;

9        25.    For compensatory damages in a sum to be proved at trial;

10        26.    For exemplary or punitive damages;

11        27.    For costs of suit;

12        28.    For attorneys' fees as allowed by law and equity; and

13        29.    For such other and further relief as the Court deems just and proper.

14    February 16, 2007.

15                        Respectfully,

16                        MICHAEL J. BAKER
                    MATTHEW L. BELTRAMO

17                        HOWARD RICE NEMEROVSKI CANADY
                        FALK & RABKIN

18                        A Professional Corporation

19                        By: _____

20                              MATTHEW L. BELTRAMO

21                        Attorneys for Plaintiffs ATR-KIM ENG
                    FINANCIAL CORPORATION and ATR-KIM

22                        ENG CAPITAL PARTNERS, INC.

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-16-

1ST AMENDED COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER, AND FOR OTHER RELIEF

Case # 07J-01-184  M-23-381

ATR-KIM ENG FINANCIAL CORPORATION,
AND ATR-KIM ENG CAPITAL PARTNERS, INC.

vs

CARLOS R. ARANETA, HUGO BONILLA, LIZA BERENGUER

STATE OF DELAWARE    )
                     )SS.
NEW CASTLE COUNTY    )

I, Sharon Agnew, Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County, do hereby certify that the foregoing contains a true copy of:

    07J-01-184  M-23-381  *AND THE UNDERLYING
    DOCKET ENTRIES AS RECORDED ON 01/11/2007.

in the case there stated as the same now remains of record in the Superior Court of the State, at Wilmington.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said Court this 25TH day of JANUARY _____ A.D. 2007.

_____
Prothonotary

STATE OF DELAWARE    )
                     )SS.
NEW CASTLE COUNTY    )

I, Richard R Cooch,  Resident Judge of the Superior Court in and for New Castle County of the said State, do hereby certify that the foregoing record and attestation made by Sharon Agnew, Prothonotary of the said Court, whose name is hereto subscribed, and to which the seal of said Court is affixed, are in due form and made by the proper officer.

IN TESTIMONY WHEREOF, I hereunto set my hand this 25TH ___ day of  JANUARY _____ A.D. 2007.

_____
Resident Judge

STATE OF DELAWARE    )
                     )SS.
NEW CASTLE COUNTY    )

I, Sharon Agnew, Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County, do certify that the Honorable Richard R. Cooch, by whom the foregoing attestation was made, and whose name is hereto subscribed; was at the time of making thereof and still is Resident Judge of Superior Court of New Castle County of the said State, duly commissioned and sworn, to all whose acts as such, full faith and credit are, and ought to be, given, as well in Courts of Justice as elsewhere.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said Court this 25TH ___ day of JANUARY _____ A.D. 2007.

_____
Prothonotary





COPY

| GRANTED |
|---|

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

ATR-KIM ENG FINANCIAL CORPORATION,    )
and ATR-KIM ENG CAPITAL PARTNERS, INC.,    )
                                          )
Plaintiffs,                               )
                                          )        Civil Action No. 489-N
v.                                        )
                                          )
CARLOS R. ARANETA, HUGO BONILLA,          )
LIZA BERENGUER AND MARITES VICENTE,       )
                                          )
Defendants,                               )
                                          )
and                                       )
                                          )
PMHI HOLDINGS CORPORATION,                )
(f/k/a LBC GLOBAL CORPORATION),           )
a Delaware corporation,                   )
                                          )
Nominal Defendant.                        )

FILED
PROTHONOTARY
2007 JAN 11 AM 10:55

0 77-01-1844    M-23-381

### FINAL ORDER OF JUDGMENT

For the reasons set forth in the December 21, 2006 post-trial Memorandum

Opinion in the captioned matter, which found in favor of plaintiffs (collectively "ATR")

on each fiduciary claim asserted, IT IS HEREBY ORDERED as follows:

1.    Having been found jointly and severally liable for their breaches of

fiduciary duty, judgment is entered against defendants Carlos R. Araneta, Hugo Bonilla

and Liza Berenguer in the amount of **$24,490,422.50** (representing a damages award of

$3.922 million plus pre-judgment interest from August 17, 1999 through January 10,

2007 at an annual rate of 25% compounded monthly).

CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY

2.    In light of his egregious misconduct both before and during the litigation of this matter, judgment is also entered against defendant Carlos R. Araneta in the additional amount of **$863,059.89** (representing an award of the attorneys' fees, costs and expenses ATR incurred in prosecuting this action).

3.    Post-judgment interest on these awards shall accrue at an annual rate of **11.25%**, and judgment is entered against the defendants for all such interest that accrues between the date of this Order and the date on which they make full payment of the amounts due hereunder.  Carlos R. Araneta is also ordered to pay all future fees, costs and expenses incurred by ATR in enforcing this Order.

/s/ *Leo E. Strine, Jr.*
Leo E. Strine, Jr.,
Vice Chancellor

Dated:  January 10, 2007

CERTIFIED
AS A TRUE COPY.
ATTEST:

REGISTER IN CHANCERY

By

FILED
PROTHONOTARY
2007 JAN 11  AM 10:

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 01/25/2007                              PAGE        1

```
07J-01-184
FILED  January 11,2007                 JUDGMENTS - CHANCERY COURT
JUDGE:                                 NON ARBITRATION
STATUS:  NEW    E-FILED:               NON-JURY TRIAL
```

MARGOLIN STEVEN T.           ATR-KIM ENG FINANCIAL CORPORATION
                             AND ATR-KIM ENG CAPITAL PARTNERS, INC
                                       -- VS --
                             CARLOS R. ARANETA
                             HUGO BONILLA
                             LIZA BERENGUER

```
01/11/2007      1  JUDGMENT FILED 01/11/07.   M-23-381  CHANCERY
                   FILED BY STEVEN T MARGOLIN, ESQ.
```

CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY _____

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

MONICA ARANETA
1605 WEDGEWOOD DRIVE
HILLSBOROUGH, CA 94010

MAIL TAX STATEMENTS TO:

MONICA ARANETA
1605 WEDGEWOOD DRIVE
HILLSBOROUGH, CA 94010

APN: 038-074-010

**2007-003707**
02:14pm 01/09/07 DE  Fee: 30.00
Count of pages 2
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

\* 2 0 0 7 0 0 0 3 7 0 7 A R \*

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)          Consideration less than $100
DOCUMENTARY TRANSFER TAX IS $ _____-0-_____

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, HUGO BONILLA, a married man, as his sole and separate property, hereby GRANT(S) to MONICA ARANETA, the real property commonly known as 1605 Wedgewood Drive, Hillsborough, County of San Mateo, State of California, and more particularly described as follows:

　　　　See Exhibit "A" attached hereto and incorporated herein by this reference.

Dated: 1-8-2007

_____
Hugo Bonilla

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF SAN MATEO          )

On this _8_ day of January in the year 2007, before me, Victoria Rodrigues , a Notary Public in and for said State, personally appeared Hugo Bonilla, personally known to me (or proved on the basis of satisfactory evidence) to be the person(s) whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity(ies) upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

VICTORIA RODRIGUES
Commission # 1417957
Notary Public - California
San Mateo County
My Comm. Expires Jun 12, 2007

_____
NOTARY PUBLIC IN AND FOR SAID STATE

FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS AS DIRECTED ABOVE

# EXHIBIT "A"

Description:

The land referred to herein is situated in the State of California, County of San Mateo, Town of Hillsborough, and is described as follows:

LOT 9, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "CRYSTAL SPRINGS MAP NO. 1-A, HILLSBOROUGH, SAN MATEO COUNTY, CALIFORNIA", FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA, ON AUGUST 15, 1947, IN BOOK 27 OF MAPS AT PAGE(S) 45, 46, 47 AND 48.

AP No.:        038-074-010  JPN: 038-007-074-01

RECORDING REQUESTED BY: *SPL*

Stewart Title

AND WHEN RECORDED MAIL TO:

Mrs Dora M. Aberouette
170 Yorkshire Ct
San Bruno CA 94066





2007043367    01/29/2007 08:38 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:         11.00
COUNTY TAX:          880.00

2    PGS

---

**THIS SPACE FOR RECORDER'S USE ONLY:**

| Title Order No.: | Escrow No.: 10006519 |
|---|---|

## GRANT DEED

**THE UNDERSIGNED GRANTOR(S) DECLARE(S)**

**DOCUMENTARY TRANSFER TAX is $880.00**

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Newark **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Hugo N. Bonilla and Michelle Marie Theresa Bonilla, Husband and Wife**

hereby GRANT(s) to:

**Dora M. Aberouette, a Married Woman, as her sole and separate property**

the real property in the City of Newark, County of Alameda, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as:  36611 Sequoia Court, Newark, CA  94560
AP#: 092A-0507-087-00

DATED January 18, 2007
STATE OF CALIFORNIA
COUNTY OF San Mateo
On 1-18-07
Before me, CHARLOTTE ROBINSON
A Notary Public in and for said State, personally appeared
Hugo N. Bonilla AND
Michelle Marie Theresa Bonilla

~~personally known to me~~ (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
**WITNESS** my hand and official seal.

Signature: C Robinson

_Hugo N. Bonilla_
Hugo N. Bonilla

_Michelle maria theresa bonilla_
Michelle Marie Theresa Bonilla

CHARLOTTE ROBINSON
Commission # 1425531
Notary Public - California
San Mateo County
My Comm. Expires Dec 1, 2009

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

10006519



## LEGAL DESCRIPTION

The land referred to herein is situated in the State of California, County of Alameda, City of Newark, described as follows:

Lot 47, Tract 3725, filed October 29, 1976, Map Book 93, Pages 19-23, Alameda County Records.

APN: 092A-0507-087

End of Legal Description

-2-

Continued on next page



OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        21.00
COUNTY TAX:          968.00

01/25/2007 09:30 AM

2   PGS
PCOR 20  00

RECORDING REQUESTED BY:
Stewart Title Company

AND WHEN RECORDED MAIL TO:

Mrs Dora M Aberouette
170 Yorkshire Ct.
San Bruno CA. 94066

---

THIS SPACE FOR RECORDER'S USE ONLY

Title Order No.:                                        Escrow No.: 10006518

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $968.00**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Newark **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Hugo N. Bonilla , a married man as his sole and separate property

hereby GRANT(s) to.

**Dora M. Aberouette, a Married Woman, as her sole and separate property**

the real property in the City of Newark, County of Alameda, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 37022 Locust Street, Newark, CA  94560
AP#: 092-0126-022-00

DATED January 18, 2007
STATE OF CALIFORNIA
COUNTY OF San Mateo                    _____
On 1-18-2007                                        Hugo Nely Bonilla
Before me, CHARLOTTE ROBINSON
A Notary Public in and for said State, personally appeared
Hugo Nely Bonilla

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

CHARLOTTE ROBINSON
Commission # 1628861
Notary Public - California
San Mateo County
My Comm. Expires Dec 3, 2009

Signature _____          (This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN. MAIL AS DIRECTED ABOVE.

Exhibit A

10006518

## LEGAL DESCRIPTION

The land referred to herein is situated in the State of California,
County of Alameda, City of Newark, described as follows:

Parcel 3 of Parcel Map 4430, filed November 5, 1984, Book 149
of Parcel Map Page 8, Alameda County Records.

APN: 092-0126-022

End of Legal Description

Continued on next page

-2-

**EXHIBIT  8**

**First Amended**            **SUMMONS**                                    SUM-100
*(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Hugo Bonilla, Monica Araneta, Dora M. Aberouette,
Michelle Bonilla, and Does 1-50

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
SAN MATEO COUNTY

FEB 1 6 2007

Clerk of the Superior Court
BY _____
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ATR-Kim Eng Financial Corporation and ATR-Kim Eng
Capital Partners, Inc.

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* CIV 460691 |

San Mateo County Superior Court
400 County Center

Redwood City, CA 94063
Southern Branch

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew L. Beltramo (184796)                    (415) 434-1600  (415) 217-5910
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

DATE:                                                   Clerk, by _____ , Deputy
*(Fecha)* FEB 1 6 2007   **JOHN C. FITTON**         *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

[SEAL]

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]              **SUMMONS**          Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

**EXHIBIT 9**

1  MICHAEL J. BAKER (No. 56492)
   Email: mbaker@howardrice.com
2  MATTHEW L. BELTRAMO (No. 184796)
   Email: mbeltramo@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California  94111-4024
   Telephone:  415/434-1600
6  Facsimile:   415/217-5910

7  Attorneys for Plaintiffs
   ATR-KIM ENG FINANCIAL CORPORATION
8  and ATR-KIM ENG CAPITAL PARTNERS,
   INC.

9

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN MATEO

12                    UNLIMITED JURISDICTION

13

14

15  ATR-KIM ENG FINANCIAL                    No. CIV 460691
    CORPORATION and ATR-KIM ENG
16  CAPITAL PARTNERS, INC.,                  NOTICE OF PENDENCY OF REAL
                                             PROPERTY CLAIM (LIS PENDENS)
17                    Plaintiffs,            (Code Civil Proc. §§405.20, et seq.)

18       v.

19  HUGO BONILLA, MONICA ARANETA,
    DORA M. ABEROUETTE, MICHELLE
20  BONILLA, and DOES 1-50,

21                    Defendants.

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

NOTICE OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS)

COPY of Document Recorded
of FEB 2 0 2007
as No. _____ 2007077743
Has not been compared with Original.
ALAMEDA COUNTY RECORDER

FILED
SAN MATEO COUNTY

FEB 21 2007

Clerk of the Superior Court
By _____
DEPUTY CLERK

1     NOTICE IS HEREBY GIVEN THAT a First Amended Complaint To Set Aside

2  Fraudulent Transfers, Annul Obligations and For Damages entitled *ATR-Kim Eng Financial*

3  *Corporation and ATR-Kim Eng Capital Partners, Inc. v. Hugo Bonilla, Monica Araneta,*

4  *Dora M. Aberouette, Michelle Bonilla and Does 1-50* (San Mateo County Superior Court

5  Action No. CIV 460691) was filed on February 16, 2007, and is now pending in the Superior

6  Court of California, County of San Mateo.  The parties to the action include ATR-Kim Eng

7  Financial Corporation and ATR-Kim Eng Capital Partners, Inc., as Plaintiffs, and Hugo

8  Bonilla, Monica Araneta, Dora M. Aberouette, Michelle Bonilla and Does 1-50 as

9  Defendants, and all persons unknown, claiming any right, title or interest in the subject

10  property, or any cloud on title to the Property.

11     The above-captioned action involves a real property claim affecting certain real

12  property that is situated in the City of Newark, County of Alameda, State of California,

13  United States of America, commonly known as 36611 Sequoia Court, Newark, California

14  and more particularly described as follows:

15     • Lot 47, Tract 3725, filed October 29, 1976, Map Book 93, Pages 19-23, Alameda

16        County Records; and

17     • Alameda County Assessor's Parcel Number 092A-0507-087

18     An object of this action is to set aside and void a recent transfer of title in the above-

19  described property as being the product of a fraudulent conveyance.

20  February 16, 2007.

                                Respectfully,

21

                                HOWARD RICE NEMEROVSKI CANADY
22                                    FALK & RABKIN
                                A Professional Corporation
23

24                              By: _____
                                    MATTHEW L. BELTRAMO
25

                                Attorneys for Plaintiffs ATR-KIM ENG
26                              FINANCIAL CORPORATION and ATR-KIM
                                ENG CAPITAL PARTNERS, INC.
27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-1-

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

    On February 16, 2007, before me, DAWN MARIE TAYLOR, NOTARY PUBLIC, personally appeared MATTHEW L. BELTRAMO, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that, by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

    WITNESS my hand and official seal.

Signature: _____

DAWN MARIE TAYLOR
COMM. #1474489
Notary Public · California
San Francisco County
My Comm. Expires Mar. 5, 2008

(Seal)

1  MICHAEL J. BAKER (No. 56492)
    Email: mbaker@howardrice.com
2  MATTHEW L. BELTRAMO (No. 184796)
    Email: mbeltramo@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
      FALK & RABKIN
4  A Professional Corporation
    Three Embarcadero Center, 7th Floor
5  San Francisco, California  94111-4024
    Telephone:   415/434-1600
6  Facsimile:   415/217-5910

7  Attorneys for Plaintiffs
    ATR-KIM ENG FINANCIAL CORPORATION
8  and ATR-KIM ENG CAPITAL PARTNERS,
    INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

UNLIMITED JURISDICTION

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

| | |
|---|---|
| ATR-KIM ENG FINANCIAL CORPORATION and ATR-KIM ENG CAPITAL PARTNERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HUGO BONILLA, MONICA ARANETA, DORA M. ABEROUETTE, MICHELLE BONILLA, and DOES 1-50, <br><br> Defendants. | No. CIV 460691 <br><br> PROOF OF SERVICE OF NOTICE OF PENDENCY OF REAL PROPERTY CLAIM |

PROOF OF SERVICE

1

## PROOF OF SERVICE

2    I, Susan Garvey, declare: I am a resident of the State of California and over the age of
eighteen years and not a party to the within-entitled action; my business address is Three
3    Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024 (San Francisco
County). On February 20, 2007, I served the following document(s) described as **NOTICE
4    OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS) (Code Civil Proc.
§§405.20, et seq.):**

5

6    ☐    by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below on this date before 5:00 p.m.

7

8    ☒    by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at San Francisco, California
9    addressed to the parties set forth below, via registered mail, return receipt
requested.

10

11    ☐    by transmitting via email the document(s) listed above to the email address(es)
set forth below on this date before 5:00 p.m.

12

13    ☐    by placing the document(s) listed above in a sealed Federal Express envelope
and affixing a pre-paid air bill, and causing the envelope to be delivered to a
14    Federal Express agent for delivery.

15    ☐    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

16    Hugo Bonilla                          Hugo Bonilla
1605 Wedgewood Drive                   36611 Sequoia Court
17    Hillsborough, CA 94010                 Newark, CA 94560

18    Hugo Bonilla                          Michelle Bonilla
c/o LBC Mundial Corporation            36611 Sequoia Court
19    362 East Grand Avenue                  Newark, CA 94560
South San Francisco, CA 94080
20
Reunion Mortgage Inc.                  Albert K. Martin
21    860 Hillview Court, Suite 300          Attorney At Law
Milpitas, CA 95035                     4 W. Fourth Avenue
22                                           San Mateo, CA 94402
Dora Aberouette                        *(Attorney for Hugo Bonilla)*
23    36611 Sequoia Court
Newark, CA 94560
24
Dora Aberouette                        Dora Aberouette
25    37022 Locust Street                    170 Yorkshire Court
Newark, CA 94560                       San Bruno, CA 94066
26
Gene Aberouette
27    170 Yorkshire Court
San Bruno, CA 94066
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-1-
PROOF OF SERVICE

1     I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it

2 would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served,

3 service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

4

5     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on February 20, 2007.

6

7

8 Susan Garvey

9

10

11

12

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

EXHIBIT  10

MICHAEL J. BAKER (No. 56492)
Email: mbaker@howardrice.com
MATTHEW L. BELTRAMO (No. 184796)
Email: mbeltramo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
       FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:   415/434-1600
Facsimile:   415/217-5910

Attorneys for Plaintiffs
ATR-KIM ENG FINANCIAL CORPORATION
and ATR-KIM ENG CAPITAL PARTNERS,
INC.

CMC
06/08

COPY of Document Recorded
on FEB 2 0 2007
as No. _____ 2007077744
Has not been compared with Original.
ALAMEDA COUNTY RECORDER

FILED
SAN MATEO COUNTY

FEB 2 1 2007

Clerk of the Superior Court
By _____
          DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

UNLIMITED JURISDICTION

| | |
|---|---|
| ATR-KIM ENG FINANCIAL CORPORATION and ATR-KIM ENG CAPITAL PARTNERS, INC., | No. CIV 460691 |
| Plaintiffs, | NOTICE OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS) (Code Civil Proc. §§405.20, et seq.) |
| v. | |
| HUGO BONILLA, MONICA ARANETA, DORA M. ABEROUETTE, MICHELLE BONILLA, and DOES 1-50, | |
| Defendants. | |

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

NOTICE IS HEREBY GIVEN THAT a First Amended Complaint To Set Aside Fraudulent Transfers, Annul Obligations and For Damages entitled *ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc. v. Hugo Bonilla, Monica Araneta, Dora M. Aberouette, Michelle Bonilla and Does 1-50* (San Mateo County Superior Court Action No. CIV 460691) was filed on February 16, 2007, and is now pending in the Superior Court of California, County of San Mateo. The parties to the action include ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc., as Plaintiffs, and Hugo Bonilla, Monica Araneta, Dora M. Aberouette, Michelle Bonilla and Does 1-50 as Defendants, and all persons unknown, claiming any right, title or interest in the subject property, or any cloud on title to the Property.

The above-captioned action involves a real property claim affecting certain real property that is situated in the City of Newark, County of Alameda, State of California, United States of America, commonly known as 37022 Locust Street, Newark, California and more particularly described as follows:

- Parcel 3 of Parcel Map 4430, filed November 5, 1984, Book 149 of Parcel Map Page 8, Alameda County Records; and

- Alameda County Assessor's Parcel Number 092-0126-022.

An object of this action is to set aside and void a recent transfer of title in the above-described property as being the product of a fraudulent conveyance.

February 16, 2007.

Respectfully,

HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: _____
        MATTHEW L. BELTRAMO

Attorneys for Plaintiffs ATR-KIM ENG FINANCIAL CORPORATION and ATR-KIM ENG CAPITAL PARTNERS, INC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

-1-

NOTICE OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS)

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

On February 16, 2007, before me, DAWN MARIE TAYLOR, NOTARY PUBLIC, personally appeared MATTHEW L. BELTRAMO, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that, by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____

DAWN MARIE TAYLOR
COMM. #1474489
Notary Public · California
San Francisco County
My Comm. Expires Mar. 5, 2008

(Seal)

1   MICHAEL J. BAKER (No. 56492)
    Email: mbaker@howardrice.com
2   MATTHEW L. BELTRAMO (No. 184796)
    Email: mbeltramo@howardrice.com
3   HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4   A Professional Corporation
    Three Embarcadero Center, 7th Floor
5   San Francisco, California  94111-4024
    Telephone:   415/434-1600
6   Facsimile:   415/217-5910

7   Attorneys for Plaintiffs
    ATR-KIM ENG FINANCIAL CORPORATION
8   and ATR-KIM ENG CAPITAL PARTNERS,
    INC.

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                           COUNTY OF SAN MATEO

12                           UNLIMITED JURISDICTION

13

14

15   ATR-KIM ENG FINANCIAL              No. CIV 460691
     CORPORATION and ATR-KIM ENG
16   CAPITAL PARTNERS, INC.,            PROOF OF SERVICE OF NOTICE OF
                                        PENDENCY OF REAL PROPERTY
17              Plaintiffs,             CLAIM

18        v.

19   HUGO BONILLA, MONICA ARANETA,
     DORA M. ABEROUETTE, MICHELLE
20   BONILLA, and DOES 1-50,

21              Defendants.

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

─────────────────────────────────────────
                    PROOF OF SERVICE

PROOF OF SERVICE

I, Susan Garvey, declare: I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024 (San Francisco County). On February 20, 2007, I served the following document(s) described as **NOTICE OF PENDENCY OF REAL PROPERTY CLAIM (LIS PENDENS) (Code Civil Proc. §§405.20, et seq.):**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed to the parties set forth below, via registered mail, return receipt requested.

☐   by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Hugo Bonilla
1605 Wedgewood Drive
Hillsborough, CA 94010

Hugo Bonilla
c/o LBC Mundial Corporation
362 East Grand Avenue
South San Francisco, CA 94080

Dora Aberouette
37022 Locust Street
Newark, CA 94560

Dora Aberouette
36611 Sequoia Court
Newark, CA 94560

Gene Aberouette
170 Yorkshire Court
San Bruno, CA 94066

Hugo Bonilla
36611 Sequoia Court
Newark, CA 94560

World Savings Bank
1901 Harrison Street
Oakland, CA 94612

Albert K. Martin
Attorney At Law
4 W. Fourth Avenue
San Mateo, CA 94402
*(Attorney for Hugo Bonilla)*

Dora Aberouette
170 Yorkshire Court
San Bruno, CA 94066

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-1-

1   would be deposited with the U.S. Postal Service on that same day with postage thereon fully
2   prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

3

4       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California on February 20, 2007.

5

6

7                                           Susan Garvey

8

9   W03 170140001/1372266/v1

10

11

12

13  HOWARD
    RICE
    NEMEROVSKI
14  CANADY
    FALK
    & RABKIN
15  A Professional Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE