MICHAEL J. BAKER (No. 56492)
Email: mbaker@howardrice.com
WILLIAM J. LAFFERTY (No. 120814)
Email: wlafferty@howardrice.com
LONG X. DO (No. 211439)
Email: ldo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

Attorneys for Plaintiffs
ATR-KIM ENG FINANCIAL CORPORATION
and ATR-KIM ENG CAPITAL PARTNERS,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATR-KIM ENG FINANCIAL CORPORATION and ATR-KIM ENG CAPITAL PARTNERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HUGO BONILLA, MONICA ARANETA and DOES 1-25,<br><br>Defendants. | No. CV-07-6239 SC<br><br>PLAINTIFFS' INITIAL CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:   March 21, 2008<br>Time:   10:00 a.m.<br>Place:  Courtroom 1, 17th Floor<br>Judge:  Hon. Samuel Conti |

PLAINTIFFS' INITIAL CMC STATEMENT

Plaintiffs ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc. (collectively, "ATR") submit this Statement for the initial case management conference in the above-captioned action. For reasons discussed below, the parties have not held case management discussions pursuant to Rule 26 of the Federal Rules of Civil Procedure. The parties instead have been focused on the fundamental question whether this action is in the proper court. ATR believes this action properly belongs in front of Judge Thomas E. Carlson in the Bankruptcy Court because he already presides over matters involving the same parties and factual and legal issues as those presented in this action. ATR has filed an Administrative Motion To Consider Whether Cases Should Be Related ("Administrative Motion") under Civil Local Rule 3-12 requesting Judge Carlson to reassign this action to himself.[1] ATR requests that the Court continue the Rule 26 initial case management conference for at least 60 days to allow time for Judge Carlson to hold a hearing, if necessary, and rule on ATR's Administrative Motion.

As background, ATR originally filed this action (the "ATR Action") on February 2, 2007, in San Mateo County Superior Court, asserting a claim against Monica Araneta ("Araneta") and Hugo Bonilla ("Bonilla") for fraudulent transfer of certain real property. On March 16, 2007, Bonilla filed a Chapter 7 bankruptcy petition that is now pending before Judge Carlson as Case 07-30309. As a result of Bonilla's bankruptcy case, activity in the ATR Action ceased. The Trustee in Bonilla's bankruptcy case has filed an adversary proceeding against Araneta (the "Trustee Action") asserting the same fraudulent transfer claim involving the same real property that is asserted in the ATR Action. The Trustee Action is also pending before Judge Carlson as Adversary Proceeding No. 07-03081.

On November 16, 2007, upon stipulation of the Trustee and ATR, Judge Carlson modified the automatic stay applicable to the ATR Action to permit its removal from the San Mateo County Superior Court to the Bankruptcy Court. To effect the removal, ATR filed a

---

[1] In accordance with Civil Local Rule 3-12, ATR has lodged copies of its Administrative Motion and all related papers with this Court.

-1-

PLAINTIFFS' INITIAL CMC STATEMENT

1  notice of removal in this District Court. 28 U.S.C. section 1452(a), which governs removal
2  of state court actions related to bankruptcy cases, requires that a party remove the action "to
3  the district court for the district where such civil action is pending." *See also* Fed. R. Bankr.
4  Pro. Rule 9027 ("A notice of removal shall be filed with the clerk for the district and
5  division within which is located the state or federal court where the civil action is pending").
6  ATR then filed the Administrative Motion to request reassignment of the removed ATR
7  Action to Judge Carlson. Civil Local Rule 3-12(b) requires that ATR file the Administrative
8  Motion before Judge Carlson because he has the earlier related case (*i.e.*, the Trustee
9  Action).

10  ATR attempted to obtain stipulations from all involved parties — the Trustee, Bonilla
11  and Araneta — to reassignment of the ATR Action to Judge Carlson before and after filing
12  the Administrative Motion. After discussion and negotiation of terms, ATR, the Trustee and
13  Araneta executed a stipulation agreeing to reassignment of the ATR Action to Judge
14  Carlson. Bonilla, however, has refused to execute the stipulation. On March 11, 2008, ATR
15  submitted a letter to Judge Carlson apprising him of the status of the Administrative Motion
16  and Bonilla's dissenting position. ATR also requested Judge Carlson to rule on the
17  Administrative Motion or, in the alternative, schedule a hearing if he wished to hear further
18  argument from the parties.

19  Accordingly, ATR requests that the Court continue the Rule 26 initial case
20  management conference in this action for at least 60 days to allow time for Judge Carlson to
21  hold a hearing, if necessary, and rule on ATR's Administrative Motion.

22  Dated: March 14, 2008.                HOWARD RICE NEMEROVSKI CANADY
                                                  FALK & RABKIN
23                                          A Professional Corporation

25                                          By:        /s/
                                                   LONG X. DO

26                                          Attorneys for Plaintiffs ATR-KIM ENG
                                            FINANCIAL CORPORATION and ATR-KIM
27                                          ENG CAPITAL PARTNERS, INC.