MACDONALD & ASSOCIATES
IAIN A. MACDONALD (State Bar No. 051073)
HEATHER A. CUTLER (State Bar No. 217837)
221 Sansome Street
San Francisco, CA  94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Defendant,
HUGO NERY BONILLA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATR-KIM ENG FINANCIAL CORPORATION AND ATR-KIM ENG CAPITAL PARTNERS, INC., <br><br>Plaintiffs,<br><br>vs.<br><br>MONICA ARANETA AND HUGO NERY BONILLA,<br><br>Defendants. | Case No. 07-06239 SC<br><br>CASE MANAGEMENT STATEMENT<br><br>Date: March 21, 2008<br>Time: 10:00am<br>Ctrm.: 1, 17th Floor<br>Judge: Samuel Conti |

COMES NOW, Defendant HUGO NERY BONILLA, and submits the following case management statement to the Court:

A. <u>Jurisdiction: The Automatic Stay Provisions of the Bankruptcy Code Preclude This Court From Taking Jurisdiction Over This Suit Against Bonilla</u>

Defendant Bonilla contends that this court does not have jurisdiction to hear or resolve the plaintiffs' (collectively "ATR") lawsuit against him. This is because on March 16, 2007, Bonilla filed a voluntary chapter 7 petition for relief under the Bankruptcy Code, which is pending. Thus, ATR's prepetition suit against Bonilla, entitled *ATR-KIM Eng Financial Corporation and ATR-KIM Eng Capital Partners, Inc. v. Hugo Nery Bonilla and Monica Araneta*, San Mateo County Superior Court Case No. CIV 460691 ("Superior Court Suit"), which is pending before this court as a result of ATR's notice of removal, is stayed pursuant to 11 U.S.C. § 362(a). Since then, ATR has not stipulated with Bonilla to lift the stay to continue the litigation against him. ATR has also not filed a

1
CASE MANAGEMENT STATEMENT

1  motion for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), seeking permission from
2  the bankruptcy court to continue the litigation.  Accordingly, the bankruptcy operates as a stay
3  against the continued litigation of this suit against Bonilla, and ATR's Notice of Removal to this
4  court of the Superior Court Suit, as well as ATR's three Notices Of Lis Pendens, filed in this court
5  on March 5, 2008, constitutes willful violations of the stay.

6      ATR contends that they are not violating the stay because the bankruptcy court's order,
7  entered on November 16, 2007, approving their stipulation with the chapter 7 trustee to lift the stay
8  as to the Superior Court Suit, permits them to continue litigating the Superior Court Suit.  But ATR
9  is misconstruing the order, which does not give ATR authority to remove the suit against Bonilla,
10 and to which Bonilla is not a party.  Instead, the order lifted the stay as to the estate *only*.

11     Based on the foregoing, this court does not have jurisdiction over this matter with respect to
12 Bonilla.

13     B.    <u>History of the Dispute Between the Parties</u>

14     1. <u>Delaware Suit, December 21, 2006</u>   ATR obtains judgment against Bonilla in matter
15 *ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc. v. Carlos R. Araneta,*
16 *et al.*, Delaware Court of Chancery No. ICV.A. 489-A, holding Bonilla jointly and severally for
17 damages in the amount of $24,981,069.66

18     2. <u>Superior Court Suit, February 2, 2007,</u>   ATR files the Superior Court Suit, alleging
19 fraudulent transfers of real property.   The suit alleges that Bonilla fraudulently transferred certain
20 real property located at 1605 Wedgewood Drive, Hillsborough, California, to Monica Araneta.  The
21 suit also alleges that Bonilla fraudulently transferred real properties located at 37022 Locust Street,
22 Newark, California and 36611 Sequoia Court, Newark, California, to Bonilla's aunt, Dora Maritza
23 Aberouette.

24     3. <u>Bonilla bankruptcy, March 16, 2007</u>   Bonilla files voluntary chapter 7 petition in the
25 United States Bankruptcy Court for the Northern District of California, San Francisco Division, Case
26 Number 07-30309.

27     4. <u>Nondischargeability Suit, July 23, 2007</u>   ATR files adversary proceeding against Bonilla
28 (hereinafter, "Nondischargeability Suit"), alleging that Bonilla's debts are nondischargeable

pursuant to 11 U.S.C. § 727, and alleging that Bonilla's debt to ATR is nondischargeable under 11 U.S.C. § 523(a)(4). Subsequently, the bankruptcy court denied Bonilla's motion to dismiss the § 523(a)(4) claim, and thereafter, the court entered summary judgment for ATR on this claim only. The summary judgment is currently on appeal before the United States District Court.

  5. <u>Trustee Suit, July 26, 2007</u>  Chapter 7 trustee files an adversary proceeding against Monica Araneta, entitled *Janina Elder, Chapter 7 Trustee v. Monica Araneta*, Adversary Proceeding Number 07-03081 ("Trustee Suit").

  6. <u>Order, November 15, 2007</u>  The bankruptcy court enters an order approving ATR's stipulation with the chapter 7 trustee for relief from stay to permit ATR to remove the Superior Court Suit. Bonilla is not a party to this stipulation.

  7. <u>Notice of Removal, December 10, 2007</u>  ATR files a notice of removal, removing the Superior Court Suit to this court.

  C.  <u>ATR's Current Motion Pending Before The Bankruptcy Court</u>

  On February 6, 2008, ATR filed an Administrative Motion To Consider Whether Cases Should Be Related With in the Nondischargeability Suit, asking the court to rule that the removed suit pending before this court is "related to" Bonilla's bankruptcy case, as well as the Trustee Suit and the Nondischargeability Suit. Subsequently, counsel for Araneta filed a request with the bankruptcy court for a hearing on the matter. On March 11, 2008, Bonilla filed an objection to ATR's motion. The matter is currently pending before the bankruptcy court.

DATED: March 14, 2008        MACDONALD & ASSOCIATES

                By:  /s/
                  Heather A. Cutler, Attorneys for Debtor,
                  Hugo Nery Bonilla